JOHN GALLOWAY, EXECUTOR, v. THE ESTATE OF JANET
McPHERSON, DECEASED.

[See 67 Mich. 546.]

*Executors and administrators—Interest upon amount found due on
final accounting.*

An executor is properly chargeable with interest upon the balance of
money found in his hands on a final accounting, during the
pendency of his appeal from an order disallowing his claim for
moneys paid to the husband of the deceased to reimburse him
for the payment of funeral expenses.

Error to Wayne. (Gartner, J.) Argued April 18, 1889.
Decided October 11, 1889.

Appeal from decree of probate court. Judgment of cir-
cuit court, charging executor with interest upon amount
found due the estate on final accounting, from date of such
accounting, affirmed. The facts, and points of counsel
*passed* upon by the Court, are stated in the opinion.

*Jay Fuller*, for appellant.

*Alex. D. Fowler*, for estate.

SHERWOOD, C. J. The question in this case is whether an
executor should be charged interest on a residuary legacy
after the expiration of the year given him for administering
and closing up the estate, where he has received the money.

The executor received his letters from the judge of probate
of the county of Wayne. The estate consisted of money and
good mortgages, and there were no debts.

The residuary legatees were minors under guardianship.

The probate court gave the executor one year to close the estate in. He filed his account at the close of the year, but not until after the guardian had petitioned the court that he might be required to do so. On the accounting a balance of $1,155.23 was found to be due the estate, and in the executor's account

The executor, without any order from the court, paid to the husband of the deceased $163 for her funeral expenses, being the amount which the husband had paid for that purpose; also kept back some amount as fees for claimed extra services.

The probate court held that the executor had no right to pay the amount he did, or any amount, to the husband for funeral expenses, and on appeals taken to the circuit court and to the Supreme Court those courts affirmed the decision of the probate court.[1]

The facts in this case are all found by the court, and the contention on the part of the executor is that he should not be obliged to pay interest.

The circuit judge ordered to be paid to the guardian the amount found due the estate upon the accounting before the judge of probate, with interest from that time until April 7, 1887, at the rate of 4 per cent. per annum, and from that date until September 26, 1887, at the rate of 7 per cent. per annum, and from said last-named date to March 6, 1888, at the rate of 6 per cent. per annum.

We think the order was correct under the facts found, and we quite agree with the learned circuit judge in his conclusion that an executor should not be permitted such an illegal claim as that paid to Mr. McPherson, and then make it the basis of an appeal upon its disallowance, and thus prevent the settlement of an estate and payment of legacies.

---

[1] See *Galloway v. McPherson Estate*, 67 Mich. 546.

The judgment at the circuit must be affirmed, with costs of both courts, including $25 for vexatious appeal.

The other Justices concurred.