Richardson v. Johnson.

---

STEPHEN H. RICHARDSON, APPELLEE, v. HOWARD W. JOHNSON ET AL., APPELLANTS.

FILED FEBRUARY 26, 1915.    No. 18,024.

1. **Wills: ESTATE OF WIFE: RIGHTS OF HUSBAND.** In this state the wife cannot lawfully dispose of her real estate by will so as to deprive her husband of the interest given him by chapter 17, Rev. St. 1913.

2. ———: ———: RIGHT OF ELECTION. Where a married woman by her will makes a provision for her husband of a less estate than is provided for him by the chapter above mentioned, he may renounce the provisions of the will and elect to take the estate given him by law.

3. ——: ——: Sufficiency of Election. In making his election, no particular form of words is required, and if it clearly appears from the writing filed by him in the county court that he refuses to take the provisions made for him by the will and elects to take, have and receive the part of the estate which is given him by the laws of the state of Nebraska, this will constitute a sufficient election.

Appeal from the district court for Clay county: Leslie G. Hurd, Judge. *Affirmed.*

A. C. *Epperson,* for appellants.

P. E. *Boslaugh, contra.*

L. E. *Cottle, guardian ad litem.*

Barnes, J.

This appeal requires a construction of some of the provisions of chapter 17, Rev. St. 1913. It appears that Emily D. Johnson, a resident of Clay county, Nebraska, in the year 1903, made a will by which she devised the net proceeds of certain real estate situated in Clay and Lancaster counties to Stephen H. Richardson, during his life, he being her husband at the time of her death, with the remainder over to Howard W., Alida May, Charles, Everett R., and Agnes Johnson, her grandchildren by a deceased daughter, who was her only child. On the 31st day of December, 1910, the testatrix departed this life, and her will was duly admitted to probate by the county court of Clay county on February 27, 1911. On April 1, 1911, plaintiff Richardson filed a writing in the county court, refusing to take under the provisions of the will, and electing to take the share of the estate of the testatrix given him by the laws of this state. Thereafter he commenced an action in the district court for Clay county to partition the said real estate. Issues were joined, and by an agreement of the parties a jury was waived and the cause was tried to the court. It was stipulated that the debts, liabilities of the estate, and the expenses of the administration had been paid and the estate had been duly adminis-

Richardson v. Johnson.

tered.   The trial resulted in a judgment for the plaintiff, and the defendants have appealed.

It is contended by appellants that the plaintiff has no power or right, as the widower of Emily D. Richardson, to renounce the provisions of the will in his favor and take and have the part of the estate of his deceased wife which he would have taken and received if she had died intestate. It is also contended that, if this right existed in favor of the plaintiff, then the writing filed by him is insufficient to constitute a refusal and an election.

Section 1265, Rev. St. 1913, provides: "When any person shall die, leaving a husband or wife surviving, all the real estate of which the deceased was seized of an estate of inheritance at any time during the marriage, or in which the deceased was possessed of an interest either legal or equitable at the time of his or her death, which has not been lawfully conveyed,  *  *  *  which has not been sold under execution or judicial sale, and which has not been lawfully devised, shall descend subject to his or her debts and the rights of homestead in the manner following: *  *  *  Third.   One-half to the husband or wife, if the survivor is the parent of all the children of the deceased and there be only one child or the issue of a deceased child, surviving."

This section was construed in *Gaster v. Estate of Gaster,* 92 Neb. 6, where it was said: "A husband cannot lawfully devise his real estate or lawfully dispose of his personal property by will so as to deprive his wife of all interest therein given by the said act.   Laws 1907, ch. 49.   If a married man by his will disposes of all his property, real and personal, to others, and gives nothing to his wife, she will be entitled to take the distributive share given her by the statute as though he had died intestate."   In the body of the opinion it was said: "The first, and perhaps one of the most prominent, difficulties in the construction of this act is that, in defining the rights of the husband or wife in the property of the deceased spouse, the statute contains the expression, 'not lawfully devised,' in the case of real estate, and 'not lawfully disposed of by will,' in the

case of personal property.  *  *  *  In this case the deceased devised all of his property, but made no provision for his widow.  She insists that she ought to share in the property as though there was no will.  The statute says that, when the real estate is not lawfully devised, she may do so.  We are asked to hold that the property was lawfully devised, and that therefore the provision of the statute giving her a distributive share in the property has no application.  *  *  *  If the property which by this statute is given to the surviving spouse cannot be lawfully devised to others, the principal difficulty in construing the statute disappears."  It was further said in the opinion: "It is wholly inconsistent with the idea that the right can be defeated by will.  It recites the right of a married man or woman in the property of his or her spouse, provides in express terms how that right may be barred, and excludes the power to bar that right by will."

Section 1270, Rev. St. 1913, provides that a surviving husband or wife can be excluded from participating in the estate of a deceased spouse by an antenuptial contract made in lieu of the right of inheritance.

Section 1271, Rev. St. 1913, provides: "If any real estate be devised by a deceased husband or wife to the surviving husband or wife of such deceased person, or other provision be made for him or her in the last will and testament of such deceased person, he or she shall be entitled to his or her election to take the lands so devised, or the provision made for him or her in the last will and testament of such deceased husband or wife, or to take by inheritance, descent and distribution the interest in the estate of the deceased, provided by law."

The chapter of the Revised Statutes from which the foregoing quotations are taken is complete and comprehensive. By its provisions the husband and wife are placed upon exact equality as to the rights of each in the property of the other.  The nature, extent and limitation of the rights of the surviving spouse, whether widow or widower, are exactly the same, and the law applicable to one is equally controlling as to the other.

In *In re Estate of Strahan,* 93 Neb. 828, it was said by Sedgwick, J., in his concurring opinion: "The title of the present act is 'An act to provide for succession to the estates of decedents and to repeal (sections named).' Under this act the husband and wife are placed upon exact equality as to the rights of each in the property of the other. * * * But now the husband succeeds to property of his deceased wife as the wife does to property of her deceased husband. The policy of our law, as developed by legislation from time to time, has been more and more to place husband and wife upon an equality as to their property, and to regard each as interested in the property held in the name of either. It may have been considered that the marital relation is of great importance to the state, and generally covers the active life of both parties. Their fortunes are made together, and by their mutual help and contribution."

It therefore seems clear that by the provisions of the act in question Richardson, the surviving husband of the testatrix, was entitled to one-half of the real estate devised by will to the defendants. It is contended, however, that the testatrix had lawfully devised this property right to the defendants; that the act of 1907 (laws 1907, ch. 49) did not repeal the section of the statute which gave Mrs. Richardson the right to will her property to her grandchildren, and therefore her estate was lawfully devised, and the plaintiff could take nothing except the interest which the will of the testatrix gave him. This contention cannot be sustained. The statute has always provided that either the husband or the wife may lawfully devise his or her real estate by will. In case the survivor accepts the provisions of the will, it may then be said that the estate has lawfully been devised, but we have always held that the widow of a testator may elect to abide by the provisions of the will or take under the statute, and under the present law the same privilege is accorded to the surviving husband.

97 Neb. 48

This brings us to the consideration of the effect of the writing filed in the probate court by which the plaintiff rejected the provisions of the will and elected to take under the statute. The refusal and election of the plaintiff complies with every requirement of the statute. By his written statement he declared that he would not receive or accept the provision made in or benefit conferred on him by the will, and that he intended to take, have and receive the part of his deceased wife's estate given and awarded to him by the law of the state of Nebraska as the husband and widower of the deceased. The law makes no provision defining the terms in which the election shall be made. The intention of the plaintiff is clear and unambiguous, and by the use of the language employed he gave notice that he elected to take the identical interest expressed by the legislature by the use of the words "to take by inheritance and descent and distribution as by law provided." Indeed, it may be said that the language of the writing is more clearly correct as expressing the right and interest of the plaintiff as the surviving husband of the deceased than the words above quoted.

The record shows conclusively that the court could not well have rendered any other judgment than the one complained of, and the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.