MORAN *v.* LEBLANC'S ESTATE.

1. HUSBAND AND WIFE—COMMON-LAW LIABILITY OF HUSBAND FOR WIFE'S FUNERAL EXPENSES.

Under common law, husband was liable for his wife's necessaries, including expenses of her funeral and burial, over which he had sole control.

2. SAME—EXECUTORS AND ADMINISTRATORS—WILLS—LIABILITY FOR WIFE'S FUNERAL EXPENSES.

Where wife's will, duly probated, directs that her funeral expenses be paid in full, her estate is liable therefor, regardless of whether her husband would otherwise be liable.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 29, 1931. (Docket No. 109, Calendar No. 35,995.) Decided December 8, 1931.

Arthur O. Moran presented his claim for funeral expenses against the estate of Julia LeBlanc, deceased. From disallowance by commissioners on claims, plaintiff appealed to circuit court. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Kurth, Kurth & Cline,* for plaintiff.

*Walter M. Nelson,* for defendant.

BUTZEL, C. J. Arthur O. Moran, a funeral director in Detroit, and plaintiff and appellant herein, presented his claim of $1,107.45 to the estate of Julia LeBlanc, for her funeral expenses. It was disallowed by the commissioners on claims, and, on appeal, by the circuit court for the county of Wayne,

As to husband's liability for necessaries furnished wife, see 65 L. R. A. 529; 47 L. R. A. (N. S.) 279, 283.

from whose judgment plaintiff appeals. He first made out his statement of account to George Le-Blanc, the surviving husband, as debtor, but subsequently to the estate. He has not been paid.

In *Galloway* v. *Estate of Janet McPherson,* 67 Mich. 546 (11 Am. St. Rep. 596), 76 Mich. 318, stressed by appellee, it was held that a husband could not recover from his wife's estate the amount paid by him for her funeral expenses. Neither in that case nor in the instant one is the portion of the statute, now known as 3 Comp. Laws 1929, § 15726, subd. 7, referred to. It provides for the distribution of the personal property of a *femme covert* after the payment of her debts, *funeral charges,* and expenses of administration. Under the common law, the husband was liable for his wife's necessaries, including the expenses, of her funeral and burial, over which he had the sole control. There is much conflict in the authorities as to whether this rule still prevails when the wife leaves a separate estate. See annotations to *Hall* v. *Stewart,* 135 Va. 384 (116 S. E. 469), in 31 A. L. R. 1499, where the decisions in regard to funeral expenses of married women are compiled. We need not consider any dispute between the husband and the wife's estate, for the last will of deceased, duly admitted to probate, expressly directs that all of her "just debts and funeral expenses be paid in full." It further provides for an almost nominal bequest to her husband, and, "after the payment of the above debts, funeral expenses, and legacies," the residue is left to a son by a former marriage. We cannot regard these provisions as idle words or meaningless, or "recitational" as defendant contends. It is clear that the testatrix intended and directed that her estate pay her funeral expenses; it is liable for them.

The judgment is reversed, with costs to appellant, and the case remanded to the lower court to enter a judgment in favor of plaintiff for the amount due him.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.