F. W. Sisson, as Administrator with the Will annexed of the Estate of Robert Warren, Deceased, *Appellant*, vs. Ida Lee Warren and Will Earl Gray, sometimes known as Will Earl Warren, a minor, *Appellees*.

142 So. 885.

Division B.

Opinion filed July 12, 1932.

Petition for rehearing denied August 8, 1932.

*John De Marco* and *Brown & Sisson*, for Appellant;

*D. C. McMullen, D. Frederick McMullen* and *Chester H. Ferguson*, for Appellees.

Terrell, J.—In May 1930 Robert Warren died testate and his will was duly admitted to probate in Hillsborough County. The executor named in the will declined to qualify and Ida Lee Warren, the alleged widow of the testator was named as administratrix of his estate. She was subsequently removed and F. W. Sisson was appointed administrator with the will annexed. The assets of the estate consisted of real estate only. Ida Lee Warren petitioned for the removal of Sisson as administrator but her petition was denied. She then petitioned the court to revoke the probate of the will on the ground of mental incapacity of the testator and this petition was on final hearing denied, the decision of the probate court being on appeal approved by the circuit court.

Sisson, as administrator with the will annexed, employ-

ed counsel to represent him in the foregoing litigation and counsel's fees therefore were fixed and allowed by the court as charges against the estate. The debts incurred against the estate were as follows: (1) Funeral expenses, $284.00; (2) Administratrix compensation, $313.87; and (3) Attorney fees of Administrator, $590.00. In July, 1931, the administrator with the will annexed filed in the county judge's court, his petition to subject and sell the real estate belonging to the estate to pay the debts thereof. The contestant moved to strike item three, being the allowance for attorney's fees. This motion was denied by the county judge and on appeal his order was reversed by the Circuit Court. This appeal is from that decree.

Two questions are urged for our solution, viz., (1) May the real estate of a testator be subjected to the payment of his debts under the law of this State, and (2) Was the item of $590 allowed as attorney's fees in this case a proper charge against the estate of the testator?

At common law an executor or administrator was without authority to subject the real estate of his decedent to the payment of debts or charges against the estate nor was such power inherent in the probate court. Hays vs. McNealy, 16 Fla. 409. Such power as exists for this purpose can therefore be derived only through statute.

Section 3754 Revised General Statutes of 1920 (Section 5627 Compiled General Laws of 1927) provides for the sale of real estate of a testator under conditions therein stated when such sale is necessary for the payment of debts or to render effective the provisions of the will. Section 3756 Revised General Statutes of 1920 (Section 5629 Compiled General Laws of 1927) makes real estate liable for the debts of a decedent but requires that it descend to and remain in the heirs and devisees until taken possession of by the executor or administrator under order of the court. Sections 3757 and 3758 Revised General

Statutes of 1920 (Sections 5630 and 5631 Compiled General Laws of 1927) detail the procedure for taking possession of and selling all or any part of the real estate of a testator for payment of the "debts and charges" against his estate. These statutes offer a complete and affirmative answer to the first question brought here for our determination.

The answer to the second question depends on whether or not the allowance of a fee to counsel for representing the estate of the testator in the litigation as referred to elsewhere in this opinion was a debt or charge against the estate as contemplated by Section 5630 Compiled General Laws of 1927, supra.

Sections 3738 and 3782 Revised General Statutes of 1920 (Sections 5610 and 5655 Compiled General Laws of 1927) designate the priorities and the order of payment of the debts of persons deceased by their executors or administrators. The expenses of administration and the necessary funeral expenses are first required to be paid. Then follow debts for board and lodging, physician's and surgeon's bills, judgments of record, mortgages, and other liens, and "Finally, all other debts whether by specialty or otherwise, without distinction or rank."

The estate involved here consisted exclusively of real estate. The record discloses that it became necessary for the administrator with the will annexed to employ counsel to represent the estate. The employment was approved by the court and appears to have been essential to protect the interest of the estate. In this situation a reasonable attorney's fee is a debt or charge "whether by specialty or otherwise without distinction or rank" that could be legally paid by the administrator with the proceeds of the real estate.

It follows that the judgment below must be and is hereby reversed.

166

Reversed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment

ELLIS, J., dissents.