FIRST TRUST & SAVINGS BANK, a Florida corporation, as Executor and as Trustee of and under the last Will and Testament of Parker A. Henderson, deceased, and individually, *Appellant,* v. JULIA HENDERSON, a widow, PARKER A. HENDERSON, JR., and A. J. HENDERSON, Ap-*pellee.*

142 So. 248

Opinion filed March 21, 1933.

*Loftin, Stokes & Calkins,* for Appellant;

*John M. Murrell,* for Appellees.

DAVIS, C. J.—This is an appeal in equity. The bill of complaint was brought by the appellees against the appellant for the determination of a question of construction arising under the last will and testament of Parker A. Henderson, deceased. The prayer of the bill was for a declaration of rights of the complainants and defendants as to whether or not the appellant, as executor of the will, had lawful right, with or without an order of the County Judge, or a Judge of the Circuit Court, of Dade County, to sell the real estate remaining a part of the estate of Parker A. Henderson, deceased, and disposed of in his last will and testament as therein provided, for the sole purpose of paying the expenses of adminstering his said estate. The Chancellor ruled in favor of complainant below against the executor's right to sell the decedent's real estate solely for the purpose of administering the estate.

Twice before this Court has been called on to determine controversies arising under Parker A. Henderson's will. See First Trust & Savings Bank v. Henderson, 101 Fla. 1437, 136 Sou. Rep. 370; Henderson v. First Trust & Savings Bank, 107 Fla. 212, 144 Sou. Rep. 415. Reference is made to the earlier cases just mentioned, for further particulars concerning the course of administration that the will contemplated.

It is sufficient to say respecting the present case that all parties to this appeal concede the point that the decision to be made on this appeal cannot be controlled by the language of the will alone. This is so because the language of the will on the point in controversy obviously and admittedly

does not clearly confine to the executor power to sell the testator's real estate for the purpose of paying the expenses of administering the estate.

So the present appeal consequently turns on the proper construction of Section 5627 C. G. L., 3754 R. G. S. That section provides that when a will does not by its terms authorize a sale of real estate without the intervention of the Court, and a sale is necessary for the payment of *debts*, the executor may be authorized to make such sale in the manner provided by law (Sections 5630-5631 C. G. L., 3757-3758 R. G. S,), for administrators to take possession of and sell real estate for payment of debts. Section 5643 C. G. L., 3769 R. G. S. provides for the payment of the costs of application out of the proceeds of the land sold, but is pertinent in no other respect.

In Sisson v. Warren (in re: Warren's Estate), 106 Fla. 163, 142 Sou. Rep. 885, we held that the reasonable fee of an attorney necessarily employed, with the court's approval, by an administrator with the will annexed, when incurred in representing the estate in litigation brought in an attempt to void the will, was under par. 6 of Section 5610 C. G. L., 3738 R. G. S., a "debt" or "charge" properly payable out of realty proceeds, where the estate consisted only of realty.

The opinion of the Court in *In re: Warren's Estates, supra,* is authority for no other proposition than that, under the statutory "effect" of Section 5610 C. G. L., 3738 R. G. S., the "debts of the deceased" as defined and enumerated in that Section, are contemplated to be paid by an executor or administrator with the will annexed, *out of the testator's estate,* and that when the "estate" dealt with in the will consisted only of real property, the funeral expenses and an attorney's fee and expenses of the administrator incurred in defending the validity of the will itself, being by the statute

considered, and held to be a lawful debt of the deceased," as contemplated by paragraph 6 of Section 5610 C. G. L., *supra*,* the real estate (estate) was liable for payment of such debts as the statute requires to be paid out of the "estate" since the will and the statutes could be rendered effective in no other way.

But it was nevertheless recognized that:

"At common law an executor or administrator was without authority to *subject* the real estate of his decedent to the payment of debts or charges against the estate, nor was such power inherent in the probate court. Hay's, Adm'x., v. McNealy, 16 Fla. 409. *Such power as exists for the purpose can therefore be derived only through statute.*"

---

*Section 5610 C. G. L., 3738 R. G. S., reads as follows:

"*Order of Payment of Debts. Debts Graded*—Executors and administrators shall pay the debts of the deceased in the following order:

1. The necessary funeral expenses.

2. Debts due for board and lodging during the sickness of the deceased.

3. Physician's and surgeon's bills for medicine and attendance and debts incurred in favor of other persons for nursing, attendance and medicine during the last sickness of the deceased.

4. Judgment of record rendered and docketed in this State during the lifetime, of the deceased, and all debts due to the State, including taxes, and also any taxes due any city or town.

5. Mortgages, mechanics,' material men's laborers,' employees' and other liens where the value of the property in the hands of the executor or administrator incumbered by such liens exceeds the amount thereof.

6. Finally, all other debts whether by specialty or otherwise, without distinction of rank. (Id., Sec. 29; Feb. 12, 1832, Sec. 1.)"

(Emphasis ours.) In re: Warren's Estate, 142 Sou. Rep. Text 885.

Sales of real estate under defective wills, as authorized by Section 5627 C. G. L., 3754 R. G. S., *supra,* can be ordered only when adjudged to be necessary either (1) for the payment of debts, or (2) to render effective the provisions of the will, or for both purposes. The effect of Section 5610 C. G. L., *supra,* is to impose upon executors the duty of paying out of the estate, regardless of what it may consist of, the debts of the deceased, and in the order, enumerated in that section. And when the payment of such debts as the statute enumerates, requires a sale of real estate to be made, because the estate consists only of real estate, the effect of the statute is to subject the real estate to liability for payment of the enumerated debts, and to authorize its sale under authority of Section 5627 C. G. L., *supra.* This is so, because the will can be made effective in no other way if the statute as to paying debs is to be carried out. And on the principle just stated, expenses and attorney's fees incurred in defending the will itself, may be dealt with and paid as a "debt of the deceased" as distinguished from "a charge against" the estate for administration expenses.

But the case now before us presents the proposition whether or not certain alleged "subsisting claims and demands against the estate" consisting solely and only of unpaid administration fees and costs, can be made the *predicate* in and of itself, for ordering the sale of real estate devised under a defective will falling within the purview of Section 5627 C. G. L., *supra,* when it appears that the estate consisted of both real and personal property, although the personal property has become exhausted during the course of administration.

Lands not being liable for the payment of debts at com-

mon law, they may be made liable by statute, but such a statute does not necessarily extend the liability of lands to defraying the costs of administration. The personal estate alone is ordinarily the sole fund for the payment of those charges which must be paid out of this special fund alone, unless the statute expressly or by necessary implication otherwise provides. Drinkwater v. Drinkwater, 4 Mass. 354. A probate court without the express or implied authority of a statute or will, has no jurisdiction to order a sale of decedent's lands for costs of administration alone, or for a debt contracted by the administrator (Bolen v. Hoven, 143 Ala. 652, 39 Sou. Rep. 379), although it appears to have been held that this rule no longer applies when there are unpaid valid debts *of the decedent* for which a sale may be otherwise ordered. Garrett v. Garrett, 64 Ala. 263.

There is no statute in this State which, absent the authority of provisions of the will so directing, permits real estate of a testator to be ordered sold merely to pay expenses of administration of decedent's estate. So the common law on that subject is still in full force and effect in Florida.

We hold therefore, that the executor of the will of Parker A. Henderson, deceased, absent any power supplied by the provisions of the will, has no lawful right, with or without an order of the County Judge of Dade County, or of a Circuit Judge thereof, to sell the real estate remaining a part of the estate of Parker A. Henderson, deceased, and disposed of by his last will and testament as therein provided, solely for the purpose of paying the expenses of administering Henderson's said estate, a personal estate having been included in the estate administered, and having since become exhausted during the course of administration. Such was the holding of the Chancellor below in the decree here appealed from, and such is the ruling we now affirm.

Affirmed.

Whitfield, Terrell, Brown and Buford, J. J., concur.