Margaret M. Fletcher, *et vir.,* v. Dora Rickey.

154 So. 147.

Opinion Filed April 19, 1934.

G. B. *Wells,* for Appellants;

No appearance for Appellee.

Per Curiam.—The appeal here is from a final decree cancelling an administrator's deed and holding the same to be void and constituting a cloud on the appellee's title, the appellee having been complainant in the court below.

The record shows that Tillie Snyder was a married woman, the wife of William Snyder; that Dora Rickey was the only child of Tillie and William Snyder; that Tillie Snyder died, leaving surviving her her husband, William Snyder, and her daughter, Dora. That at the time of the death of Tillie Snyder she was possessed in fee simple, as her separate property, of a certain lot of land in Hills-

borough County, Florida; that after her death and after the subsequent death of her husband, one Weeks applied for and was granted letters of administration and thereafter procured an order of court authorizing him to sell the lot of land owned by Tillie Snyder at the time of her death to pay certain bills which he alleged were claims against the estate of Tillie Snyder, amongst which was the bill for the expense of her funeral.

The record shows that Tillie Snyder was under the disabilities of coverture at the time of her death.

On the face of the record it appears that the claims presented, and for the payment of which the separate property of the decedent was sold, were valid claims against her surviving husband, William Snyder, and there existed no authority of law to subject in the probate court the separate property of the decedent to sale for the payment of these claims. On the death of Tillie Snyder the property descended by virtue of the statutes of inheritance to William Snyder, the husband, and Dora, the daughter, in equal parts, and at the death of William Snyder, which the record shows to have later occurred, his interest in the property descended to the daughter, Dora.

As a general rule of law an administrator's deed cannot be collaterally attacked, but this rule does not apply where the property purported to be conveyed by the administrator's deed was not subject to sale. The rule of *caveat emptor* applies to purchasers at administrators' sales and if property sold at such sales is such that it is beyond the jurisdiction of the court to order the sale, then the deed is void and may be attacked either directly or collaterally. This principle is elementary and requires no citations of authority here to support it.

Now the record shows, as hereinbefore stated, that Tillie

Snyder was under the disabilities of coverture at the time of her death, and, therefore, her separate property could not then have been reached by creditors, except by that course of procedure which is authorized by statute to carry into effect the provisions of Section 2 of Article XI of the Constitution of Florida. The debts accruing, as the debts here are alleged to have accrued, became and were the debts of the husband and, therefore, the married woman was not liable for that part of the debt which accrued prior to her death and her separate estate was not liable to be held for it after her death. When she died the property here involved immediately became vested in her surviving heirs, the husband and daughter, and was no more liable to be sold for the payment of her debts or for her funeral expenses, insofar as the share of the daughter was concerned, than if she, the daughter, had acquired the property through some other and different source. It is true that as a one-half interest in the property descended to the husband, a judgment against him for this debt would have constituted a lien upon his interest in the property, but no such judgment was obtained or attempted as far as this record discloses.

The question here is not whether or not the county judge had jurisdiction to approve the bills presented as claims against the estate of decedent. If that were the question involved, certainly his judgment could not be collaterally attacked. But, the question is whether or not the county judge had jurisdiction to order the sale of property which an administrator could have no right to take possession of, and property which could not be subjected to the payment of any debt, except when proceeded against in equity under the provisions of statutes enacted in pursuance of Section 2, Article XI, of the Constitution.

Under the Constitution, Section 17, Article V, and the statutes, Section 3677, R. G. S., 5541, C. G. L., the county judge is given authority to order the sale of real estate of decedents, but these provisions do not authorize the sale of a decedent married woman's separate property for debts which are not chargeable against that property under that other provision of the Constitution, Section 2, Article XI, wherein the forum in which suits to charge such separate property is specially designated.

For statement of the rule of law applicable to liability of husband for wife's funeral expenses, see 30 C. J. 606, *et seq.*

So, there was no error in the decree appealed from. The same should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., concur specially.

DAVIS, C. J., dissents.

ELLIS, J. (concurring).—Tillie Snyder died. She was a married woman and left surviving her a husband, William Snyder, and a daughter, Dora Rickey. Mrs. Snyder died seized and possessed of certain lands in Hillsborough County. About three years after her death her husband, William Snyder, died. Prior to his death he and his daughter, Mrs. Rickey, who succeeded to the title by descent, leased the property to R. L. Register, who continued in actual possession as their tenant until Mr. Snyder's death and afterwards Mrs. Rickey's tenant.

James R. Weeks, as administrator of Mrs. Snyder's estate, procured an order from the county judge to take possession of the land and sell it for the payment of some debts alleged to be due by Mrs. Snyder. The debts consisted of $3.60 due Doctor R. C. Black for professional services and

to James R. Weeks in the sum of $85.00. The property was sold under those orders to Margaret M. Fletcher for the sum of $225.00. A deed was executed to her by the administrator.

In March, 1931, Mrs. Dora Rickey exhibited her bill in the Circuit Court for Hillsborough County against Mrs. Fletcher and her husband to quiet title to the land, to cancel the deed to her as a cloud on the title, and to declare the order of sale to be void as being in violation of the Constitution, Article XI, Sec. 2, and not within the jurisdiction of the county judge to make.

Mrs. Fletcher and her husband answered the bill. It was averred that the debt due to James R. Weeks as administrator in the sum of $85.00 was for balance due for funeral expenses of Mrs. Snyder and that her real property was liable for that debt which was a charge against her estate; that her husband, from the date of her death to the date of his death, was insolvent.

Testimony was taken and the chancellor in September, 1932, entered a final decree granting the prayer of the bill declaring Mrs. Rickey to be the owner of the land and the proceedings in the county judge's court under which the sale of the land was made to Mrs. Fletcher to be null and void. From that decree Mrs. Fletcher appealed.

I concur in the conclusion reached by Messrs. Justices WHITFIELD, BUFORD and TERRELL that the decree should be affirmed. I think, however, that the language of this Court in the case of Sisson v. Warren, 106 Fla. 163, 142 South. Rep. 885, should be explained, if not modified, in so far as it may be construed as declaring that Section 5610, Compiled General Laws, 1927, is authority for charging the estate of a decedent for expenses chargeable to his estate as

distinguished from debts incurred by him for which the property constituting his estate may be sold to pay.

. I do not agree with the dissenting opinion of Mr. Chief Justice DAVIS that the decision in the Sisson case, *supra,* makes the distinction between a debt or charge against the decedent and one against a decedent's estate to·the extent that in the case of a married woman who dies seized of lands as her separate property expenses for attorneys' fees and funeral expenses become charges against her estate for the payment of which the lands of which she died·seized may be sold. Mr. Justice TERRELL said, speaking for the Court, that Sections 5610 and 5655, C. G. L., 1927, "designate the priorities and the order of payment of the debts of persons ·deceased by their executors or administrators." Although attorney's fees were allowed in that case as a charge against the estate as distinguished from a debt of the decedent, it evidently was not intended to be under authority of Section 5610, *supra.*

I agree that the authority to subject the real estate of a decedent to the payment of his debts is dependent on statute, but expenses of administration of an estate and funeral expenses are not debts of the decedent, but they are expenses of the administrator for which in the settlement of his accounts with the court he will be allowed a reasonable sum to be judged of by the station in life of the deceased and the value of his estate. They are in a class with attorneys' fees incurred by the administrator in administering the estate. The rule is that it is the duty of the surviving spouse to bury the deceased. See Gostkowski v. Roman Catholic·Church of the Sacred Hearts of Jesus and Mary, *et al.,* 262 N. Y. 320. Therefore, the debt for the funeral expenses of Mrs. Snyder was primarily a debt of the surviving husband.

BUFORD, J., concurs.

BROWN, J. (concurring).—In addition to the reasons advanced by Mr. Justice BUFORD, there was another jurisdictional defect. Even if this proceeding be deemed a collateral attack on the administrator's deed, I am of the opinion that it was allowable on the ground that the deed was void, because the property in question was not the property of Tillie Snyder's estate at the time the administrator was appointed and the proceedings for the sale of the property were had. She, Tillie Snyder, had died three years before. The property had descended to her husband and daughter; then the husband died, and the property descended to the daughter and was her property when the administrator attempted to sell it, and the county judge was without jurisdiction of it. Fiche v. Householden, 125 So. 2.

DAVIS, C. J. (dissenting).—Section 5610, C. G. L., 3738 R. G. S., reads as follows:

"Executors and administrators shall pay the debts of the deceased in the following order:

"1. The necessary funeral expenses.

"2. Debts due for board and lodging during the last sickness of the deceased.

"3. Physician's and surgeon's bills for medicine and attendance, and debts incurred in favor of other persons for nursing, attendance and medicine during the last sickness of the deceased.

"4. Judgment of record rendered and docketed in this State during the lifetime of the deceased, and all debts due to the State, including taxes, and also any taxes due any city or town.

"5. Mortgages, mechanics', materialmen's, laborers', employees' and other liens where the value of the property in

the hands of the executor or administrator incumbered by such liens exceeds the amount thereof.

"6. Finally, all other debts whether by specialty or otherwise, without distinction or rank. (*Id.* Sec. 29; Feb. 12, 1832, Sec. 1.)"

It seems to me that this statute applies as well to married women as to others and that it operates to impose on the estate of a decedent married woman (whose disabilities became dissolved by death *eo instanti* the taking effect of such statute) liability for the payment of such married woman's funeral expenses, debts due for board and lodging during decedent's last sickness, physician's and surgeon's bills, etc.

It is no justification for refusal to apply the statute to say that the husband may have also become liable for such charges before the death of his wife. On the contrary, it seems to me to be clear that our statute intends to affirmatively provide that those who inherit or acquire benefits from the property of a deceased person, whether that deceased be under disability at the time of death or not, can only take it *cum onere* the liability which the statute law has imposed on the *estate* (not on the individual deceased) for the benefit of those whose valuable services have inured to the deceased's benefit during his or her lifetime.

To hold otherwise is going to deprive many married women possessed of estates of the benefit of services during their lifetimes which will be withheld from them in order that their heirs or devisees may take their estates freed from those charges which Section 5610, C. G. L., *supra,* requires to be paid by executors and administrators after death.

What I have said is in absolute harmony with our opinion in Sisson v. Warren, 106 Fla. 163, 142 Sou. Rep. 885, where

the distinction between a debt or charge against the decedent and one against a decedent's estate was clearly made and observed. In First Trust & Savings Bank v. Henderson, 109 Fla. 175, 147 Sou. Rep. 248, we held that at common law the real estate of a decedent could not be subjected to payment of a decedent's debts, and that the authority so to do was necessarily statutory origin.

In this case it seems to me that Section 5610, C. G. L., *supra*, is applicable to married women as well as others, and that the statute constituted ample authority for authorizing the sale of a portion of the lands of Tillie Snyder, a deceased married woman, to satisfy claims that are payable under that section, namely: funeral expenses of the said Tillie Snyder.

I think the decree should be reversed with directions to dismiss the bill of complaint.