**CORAL GABLES FIRST NATIONAL BANK,** a corporation, v. **OTIS M. COLEE.**

20 So. (2nd) 675                              January Term, 1945
January 23, 1945                                        En Banc

*Howell, McCarthy, Lane & Howell,* for petitioner.
*Hendricks & Hendricks,* for respondent.

TERRELL, J.:

This is a companion case to Coral Gables First National Bank v. Margaret Martin Hart, decided this date. In this case, Catherine H. Colee died intestate in Miami, April 29, 1944; her husband, Otis M. Colee, the respondent, was her sole heir and her only asset consisted of a bank deposit in Coral Gables First National Bank in the amount of $1,827.75. The husband secured an order of "No Administration Necessary" as provided by Chapter 735, Florida Statutes 1941.

The bank refused to pay over the funds and suit was brought in the Civil Court of Record of Dade County alleging the salient facts and attaching a copy of the order of "No Administration Necessary" to the declaration. A demurrer was overruled and pleas were filed denying that the estate was not indebted but alleging on the other hand that it was in fact indebted for funeral expenses of the decedent in the sum of $150. The pleas also alleged that the order of "No Administration Necessary" was unconstitutional. A demurrer to the pleas was sustained and final judgment was entered. On appeal to the Circuit Court, the final judgment was affirmed. This is an appeal by certiorari to review the judgment of the circuit court.

What we said in Coral Gables First National Bank v. Margaret Martin Hart decided this date, is equally applicable to and conclusive of the question of interpretation and constitutional validity of Chapter 735, Florida Statutes of 1941, raised in this case.

The only other question we are called on to adjudicate is whether or not funeral expenses of a married woman constitute an indebtedness against her estate and if so, can her debtor, the bank in this case, challenge the county judge's determination that her estate was not indebted.

Under the common law, the husband was responsible for his wife's funeral expenses. A majority of the jurisdictions in this country have approved the common rule though very respectable authority by statute and for other reasons approves the rule that a married woman's funeral expenses may be charged against her estate. See 31 A.L.R. 1499, 1503, and 108 A.L.R. 1226 1229, where the cases on both sides are collected. In Fletcher v. Rickey, 114 Fla. 563, 154 So. 147, this Court approved the majority rule on the theory that the common law was still in effect in this State on that point.

As affecting the point in the case at bar, the situation has changed materially. The Probate Act was not applicable to Fletcher v. Rickey. We have held repeatedly in the beauty parlor cases and the free dealer acts that judgments may be imposed against a married woman and in the recent case of Taylor v. Dorsey, decided December 8, 1944, we upheld the constitutional validity of Chapter 21932, Acts of 1943, relating to the rights of married woman. If all this can be accomplished without violating Article XI of the Constitution affecting a married woman's separate estate, then there is nothing in the Constitution to prevent charging her estate with her funeral expenses.

Our attention is also directed to the fact that the United States Board of Tax Appeals has recently held (Estate of Lucy O. McGugan [1942] 47 B.T.A. 658) that funeral expenses are a proper deduction from a married woman's estate for estate tax purposes, notwithstanding she was domiciled in Florida and left a will directing her executor to pay her funeral expenses. It is hardly necessary to say that the reason for charging funeral expenses to the estate is to facilitate the decent burial of the dead. Certainly the rule should apply to a married woman's estate as much as to the estate of any other person.

By the very terms of the statute, the order of "No Administration Necessary" is prima facie evidence as to the indebtness specified for a period of one year; so the finding is rebuttable and may be challenged during that period. The validity of that limitation is not challenged or decided in this case. The fact that the order recites that the estate is

not indebted is not material. If a creditor or an heir appeals and claims an interest in the estate, the same rule in Bradley v. Raulerson, 66 Fla. 601, 64 So. 237, would apply.

Certiorari is granted and the judgment is reversed as to claim for funeral expenses. In all other respects the judgment is affirmed. We do not think however that this order requires the plaintiff to take out administration on the estate or to secure a second order of "no administration necessary" in order to have the funds in the bank paid over to him. The plea of the bank amounted to a defense pro tanto so plaintiff is entitled to and should be awarded a judgment for the amount claimed less the funeral expenses which the bank may disburse to the rightful claimant.

CHAPMAN, C. J., BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.

BROWN J., dissents.