In re Estate of Mary J. White, Deceased. Frank E. White, appellant, v. Irene Edith Chestnutt, executrix, appellee.

33 N. W. 2d 470

Filed August 6, 1948. No. 32443.

*Kenneth C. Fritzler,* for appellant.

*Torgeson & Halcomb* and *Bernard F. O'Brien,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

The appellant, Frank E. White, appeals from an order of the district court for Kimball County disallowing a claim he filed against the estate of his deceased wife, Mary J. White.

The facts are not in dispute. Frank E. White and Mary J. White were husband and wife. On March 12, 1947, Mary J. White died leaving a last will and testament. On April 14, 1947, this will was duly allowed and admitted to probate by the county court of Kimball County. Thereupon, and within the time as provided by section 30-108, R. S. 1943, the husband elected to take under the statute of descent as provided by section 30-107, R. S. 1943.

During the wife's last illness there were incurred for doctor services, hospital services, etc., expenses in the sum of $362.55 and, after her death, expenses for burial services in the sum of $1,011.25. These expenses were paid by the husband and he then filed a claim therefor against her estate. The executrix of her estate filed objection to the allowance thereof on the ground that it was not an obligation of the deceased. From an order of the county court allowing the claim the executrix appealed to the district court. The district court disallowed the claim and, his motion for new trial having been overruled, claimant perfected this appeal.

The "First" provision of the last will and testament of the deceased provided as follows: "I direct that all my just debts, including the expenses of my last illness and burial, be paid as soon after my decease as may be convenient."

This appeal presents two questions: First, is the husband primarily liable for the expenses of the last illness and burial of his wife? Second, if so, did he waive the provisions of his wife's last will and testament making her estate liable therefor when he elected to take under the statute of descent and not under the will?

Under the common law the husband was liable for his wife's necessaries, including the expenses of her last

sickness and burial. See, 21 Am. Jur., Executors and Administrators, § 331, p. 569; 27 Am. Jur., Husband and Wife, § 456, p. 56; 41 C. J. S., Husband and Wife, § 61, p. 527; Hall v. Stewart, 135 Va. 384, 116 S. E. 469, 31 A. L. R. 1489; In re Estate of Skillman, 146 Iowa 601, 125 N. W. 343, 140 Am. S. R. 295; Moran v. LeBlanc's Estate, 256 Mich. 189, 239 N. W. 321; Reynolds v. Rice, 224 Mo. App. 972, 27 S. W. 2d 1059.

As to whether or not there has been a change in the nature of this liability, a careful consideration of the authorities cited leads to the conclusion that we cannot simply choose between the holdings of different courts but must construe our own statutes on the subject. As stated in McClellan v. Filson, 44 Ohio St. 184, 5 N. E. 861, 58 Am. R. 814: "* * * we regard the liability as resting on the statute, and upon that wholly."

As stated, at the common law the husband was liable for the expenses of the last sickness of his wife and for her proper burial as for necessaries furnished the family and, under section 42-201, R. S. Supp., 1947, he continues to be so primarily liable. Therefore, unless the Legislature has, by statute, expressly relieved him thereof he continues to be so liable. See Hall v. Stewart, *supra;* and 27 Am. Jur., Husband and Wife, § 457, pp. 56, 57.

There is no question but what the following sections of our statutes, to wit: Sections 30-229, 30-230, 30-615, and 30-1302, R. S. 1943, and section 30-103, R. S. Supp., 1947, make the estate of any deceased person, which would include the wife, liable for the expenses of last sickness and burial. These statutes are designed to recognize the duty of the estate of any deceased person to pay the expenses of his last sickness and burial and to fix the priorities thereof in order to establish the order of their payment as between claimants. Whoever furnishes these services has a valid claim against the estate of such deceased person for the fair and reasonable value thereof. However, there is nothing in these statutes which can be said to relieve the husband of his

primary obligation to pay them and, unless the Legislature expressly so provides, we should not interpret them to have such meaning for the determination of legislative policy is not one of our functions but is a function of the Legislature. See 27 Am. Jur., Husband and Wife, § 457, pp. 56, 57; and Reynolds v. Rice, *supra.*

If the effect of provision "First" of the will, which has hereinbefore been set forth, is to relieve the husband of his primary obligation to pay for the expenses of his wife's last sickness and burial, and we think it did, then it is, in effect, a legacy the benefit of which he has waived by electing to take under the statute of descent.

As stated in Richardson v. Johnson, 97 Neb. 749, 151 N. W. 314: "By his written statement he declared that he would not receive or accept the provision made in or benefit conferred on him by the will, and that he intended to take, have and receive the part of his deceased wife's estate given and awarded to him by the law of the state of Nebraska as the husband and widower of the deceased."

As stated in 41 C. J. S., Husband and Wife, § 61, p. 529: "A married woman may, by providing in her will that her funeral expenses shall be paid out of her own estate, relieve her husband from liability; but such a testamentary provision cannot be taken advantage of by the husband after he has elected to take against the will; * * *."

We have come to the conclusion that the judgment of the district court is correct and it is therefore affirmed.

AFFIRMED.