# MERRILL v. AVERY.

Circuit Court, Dade County, Civil Appeal.
May 3, 1950.

Claude L. Gray, Orlando, and Copeland, Therrel & Baisden, Miami Beach, for appellant.

Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for appellee.

GEORGE E. HOLT, Circuit Judge.

The judgment of the civil court of record which this court is asked to review on appeal was entered in a proceeding wherein the plaintiff, Dorothy L. Merrill, as Executrix of the Estate of Georgette M. Avery, Deceased, appellee here, brought suit against the executrix of the estate of the deceased husband, appellant here, for the funeral and medical expenses of the deceased wife, which were paid by the executrix of the deceased wife's estate.

Georgette M. Avery died on April 7, 1946, survived by her husband, L. West Avery. The undisputed evidence shows that the surviving husband made funeral arrangements for his wife with the Yeargin Funeral Home, Inc. A claim for funeral expenses in the amount of $2,089 and for medical expenses of the last illness in the amount of $100 was filed against the estate of the deceased wife. The executrix of the deceased wife's estate presented the bills for funeral expenses and medical expenses to the surviving husband. The surviving husband failed to pay either bill and thereafter died on March 5, 1947.

No objection was filed to the claim for funeral and medical expenses and thereafter the executrix of the deceased wife's estate paid these expenses.

The executrix of the estate of the deceased wife (the appellee) sued the executrix of the estate of the deceased husband (the appellant) for the funeral and medical expenses of the deceased wife which were paid by the executrix of the deceased wife's estate.

To the declaration the appellant demurred but the demurrer was overruled. The appellant then pleaded the general issue and specially, to which special plea the appellee demurred and the demurrer was sustained. The case was tried on the general issue and at the trial the court refused to allow the appellant to show that the appellee claimed the funeral expenses as a deduction on the federal estate tax return. When the appellee rested, appellant moved for a directed verdict which was denied. The court refused to allow the appellant to show that the executrix of the deceased wife's estate failed to file objections against the claims for medical and funeral expenses. The court again denied a directed verdict for the appellant but directed the verdict for the appellee. A new trial was denied and the appellant took this appeal.

The primary question involved is one of law, and this court is asked to determine whether or not the burden of paying funeral expenses and the expense of last illness of a deceased wife is primarily that of the husband or that of the estate of the deceased wife. The other questions involved in the case are secondary and this court finds that all such questions should be answered in favor of the appellee.

As to the primary question, the court finds that under the law of Florida, a husband is primarily liable for the funeral expenses and expenses of last illness of his deceased wife. The cases of Fletcher v. Rickey (Fla.), 154 So. 147, and Colee v. First National Bank of Coral Gables (Fla.), 20 So. 2d 675, do not answer the question in point. The latter case is authority for the provision that the funeral expenses of a married woman may be charged against her estate. This is not in issue in the present case. The question of primary liability for such expenses is not passed upon by the court in the Colee case, and we are apprised of no Florida cases which answer this question.

There is no statute in Florida which directly answers the question, and the Florida Probate Act of 1933, as amended, together with Section 708.08 of Florida Statutes, 1941, as amended, do not answer the question or affect the common law ruling thereon. The Florida Probate Act and the Florida Married Woman's Acts, together with the Colee case are authority only that the funeral expenses of a married woman may be charges against her estate.

It is clear from the common law and text law on the question, and this court believes, that it is the better law and the law of Florida that a husband is *primarily* liable for the funeral expenses and the expense of last illness of his deceased wife. Accordingly, the judgment of the lower court is affirmed.