PER CURIAM.
On December IS, 1955, Doris Naomi Rawlings made a will. It contained a be■quest to an individual and left the residue to her children. The will expressly directed payment of her funeral expenses.[1] Later she married the appellant Jules Garett, and was married to him when she died. The will had remained unchanged.
In this case the trial court allowed the estate to recover from the husband $486 which it had paid out for funeral expenses, and the husband appealed.
The determinative question here is whether the common law rule, that as between a surviving husband and his wife’s estate the former is primarily responsible for payment of the wife’s funeral expenses,[2] is abrogated by an express provision in her will for payment of funeral expenses. We are impelled to answer that question in the affirmative, and therefore reverse the order appealed from.
Although the point involved in this ■case does not appear to have been decided previously in this state, it has been held uniformly in other jurisdictions that the primary liability imposed at common law on a surviving husband to pay the wife’s funeral expenses is relieved by a provision in her will for payment of such expenses from her estate.[3] See Pafford v. Hinson & Co., 34 Ga.App. 73, 128 S.E. 207; Gustin, for Use of Atwood v. Bryden, 1917, 205 Ill.App. 204; Kirtman v. Gallentine, 1960, 131 Ind. App. 150, 169 N.E.2d 1; Farver v. Pickett, 162 Md. 10, 158 A. 29; Moran v. Le Blanc’s Estate, 256 Mich. 189, 239 N.W. 321; In re White’s Estate, 150 Neb. 167, 33 N.W.2d 470; Watt v. Atlantic Safe Deposit & T. Co., 92 N.J.Eq. 224, 112 A. 186; Brown v. Brown, 199 N.C. 473, 154 S.E. 731; In re Mitchell’s Estate, 1922, 79 Pa.Super. 208.
Accordingly, the judgment appealed from should be and hereby is reversed.
Reversed.

. “I direct that all my just debts and funeral expenses be paid without unnecessary delay by my Executor, hereinafter named and appointed.”

. The common law rule referred to has been recognized and applied in Florida. See Fletcher v. Ricky, 114 Fla. 503, 154 So. 147; Coral Gables First Nat. Bank v. Colee, 155 Fla. 498, 20 So.2d 675.

. This presupposes the wife’s estate has the means to pay such expenses.