The heavy costs accumulated by a protracted litigation have made this suit very important to the parties; and though the two items for funeral charges amount together to but ten shillings, yet whether the defendant be liable to pay them depends upon principles which are not to be understood without some research. I must own that the argument, which has been able on both sides, has presented the subject in many lights which were new to me, and together with my own reflections has produced an opinion altogether different from what I have ever entertained on the subject. Notwithstanding the reasons drawn from propriety and decency tending to show the defendant's liability, the only inquiry I have permitted myself to make is, what is the law? My inquiries have ended in believing that it is in favor of the defendant.
Of the two classes of contracts, express and implied, this cannot belong to the former, since there was no debt owing from the intestate and no engagement entered into by him. Does it belong to the latter? It is said that it does, because the defendant was subject to a legal liability to pay this debt, and that in every such case the law implies a promise. His liability is inferred from the language in which the duty of an executor or administrator is stated in the elementary books with (402) regard to the payment of debts. "Funeral expenses, according to the degree or quality of the deceased, are to be allowed of the goods before any debt or duty whatsoever, for that is opus pium et caritatis." 3 Inst., 22. "He must observe the rules of priority in the payment of the debts; otherwise, on deficiency of assets, if he pays those of a lower degree first he must answer those of a higher out of his own estate, and first he may pay all funeral charges." 2 Bl., 511. "The expenses attending the funeral shall be allowed in preference to all debts and charges." Toller, 191. These writers and all others, I *Page 209 
believe, make a distinction between debts and funeral expenses; this position is warranted by them, that if the administrator or executor pays debts of inferior dignity in preference to those of a superior dignity, of which he has notice, he shall be liable to the latter de bonis propriis. Funeral expenses are not a debt but properly a charge upon the estate, and if the executor voluntarily pays them he shall be allowed such payment before all others, because it is a work of charity and piety.
I know of no case where an administrator is liable in his representative character on any contract not made by the intestate, for if he is sued on a contract made by himself, though relative to the estate of the intestate, the suit must be in his own right. Declaring on an insimul computassent against an administrator, as such, is not an exception to the rule, for that raises no new debt, but is merely an acknowledgment of the old one. He is liable as far as he has assets for the debts, covenants and contracts of his intestate, although the cause of action accrue not till after the death, as on a bond or note which became due after that event; but there the duty is created by the intestate. But if the duty arise after the death of the intestate the administrator is liable in his private capacity. For rent in arrear in the testator's lifetime his representative is liable in that character and can be sued only in the detinet, and may plead fully administered; whereas for the subsequent rent he is (403) personally liable. Comyn's Digest, "Administration," 14, B. So if he promise to pay a debt, in consideration of forbearance or of assets, he must be sued in his individual character; the law guarding with caution its principle that if an administrator is liable beyond the assets it must be by his own act, sustained by a proper consideration.
But admitting for the present that there is a legal liability on the defendant, and that the law therefore implies a promise (which I shall presently show not to be the case), it may be asked what has made the defendant a debtor to the plaintiff on these charges? The defendant's intestate was not buried by the plaintiff or at her expense, and besides the sheet and pillow there must have been other articles suitable to the sphere and condition in which Dr. Hooker had lived and which doubtless were furnished before the state of the assets was ascertained. Every individual who furnished any one article has the same right to sue with the plaintiff and to demand payment from the defendant in preference to creditors. A man is legally liable to pay his own debts, and the law implies a promise to his creditor that he will do so; but if another, voluntarily and unasked, pays the debt the law does not imply a promise to him. In such case *Page 210 
assumpsit will not lie without an express promise to repay it, for the debtor may have a set-off or some good reason to resist the payment, and another person shall not pay it for him whether he will or not. It is true that if a party derives benefit from the consideration it will be evidence to the jury of a previous request, as if a man pays money or buys goods for another without his knowledge or his request, and he afterwards agrees to the payment or receives the goods. But in this case there is no reason to believe that the articles charged were furnished with the knowledge of the defendant; of course (404) his assent cannot be implied. The principle that as the charge accrued subsequent to the death of the intestate the defendant is not liable in his representative character is, as I conceive, fortified by a case I have met with since the argument wherein it is laid down "that an executor is not liable to pay for funeral expenses unless he contracts for it." Aston v. Sherman, Holt, 309. The case is quoted with apparent approbation by 1 Com. on Contr., 529, who states the reason of the decision to be that such a charge, if sustainable against an executor, would make him liable de bonis propriis. In other words, as neither debt nor duty was created by the testator, if the right to sue the executor as such were admitted, it would follow that he would be liable to pay for funeral charges whether he had assets or not; but as the law will not so charge him without his own act and consent it gives no remedy to a party voluntarily performing the service. As on this ground I am satisfied there ought to be a new trial, I have thought it unnecessary to give an opinion on any other points raised in the argument.