In the Matter of the Estate of F. EMMA SKILLMAN, E. H. KELLEY, Administrator of the Estate of EVAN H. SKILLMAN, Appellant, v. H. H. WILSON and MARY E. SPRINGER, Executors.

**Husband and wife:** ESTATES OF DECEDENTS: LIABILITY FOR LAST SICKNESS AND BURIAL: STATUTES. Under the statute of this State providing that where the estate of a deceased person has sufficient means, over and above the expenses of administration, it shall first pay the expenses of the last sickness and burial of the deceased, the duty of meeting these expenses is primarily imposed upon the estate of such deceased person. So that as between the estate of a married woman and that of her husband, the liability of her estate for the expenses of her last sickness and burial would be primary and that of her husband secondary; and, if though still the husband's duty, as formerly, to see that his deceased wife was properly buried, he is entitled to recover from her estate his reasonable expenditure on that account, as in any other case where a person had paid in pursuance of a legal duty, what, as between himself and such other party, the other was bound to pay.

Deemer, C. J., and McClain, J., dissenting.

*Appeal from Keokuk District Court.*—HON. B. W.
PRESTON, Judge.

WEDNESDAY, MARCH 16, 1910.

F. EMMA SKILLMAN died testate and childless July
27, 1907, but left surviving her a husband, E. H. Skillman
By the terms of the will, she directed the payment of all
just debts, and left one-third of two lots and all other
property save her household goods to her husband, two-
thirds of the lots and said household goods to her sister
Mary E. Springer, and the residue of the estate to said
Mary E. Springer and another sister, Eva L. Wilson.
The will was admitted to probate and executors appointed
and qualified. The husband, E. H. Skillman, had been
confined in the insane asylum for many years, and, upon
application of the guardian, the court elected for him to
take under the law, instead of the will, as surviving
spouse. On September 25, 1908, by guardian, he
filed a claim against the estate of the deceased wife
alleging the marriage, that prior to her death, she was an
invalid, "that expenses were incurred in her last sickness
and funeral, and that claims had been filed against the estate
of said deceased therefor, and that defendants, as exe-
cutors, have wholly failed and neglected to pass upon said
claims or to act upon the same and approve or reject the
said claims." Said claims are set out; being for burial lot,
digging grave, undertaker's services, casket, embalming and
physician's services, and hospital charges—amounting in
all to $810.37. It was further alleged that deceased left
a large estate, amply sufficient to pay said claims, that de-
mand for their payment or of some of them has been made
on the guardian; that all of them are contractual liabilities
on the part of deceased, and it was prayed that said claims
be allowed claimant as contingent claims, and that there
be returned to him such amounts as shall be paid by him

in the settlement and satisfaction of the claims filed against the estate of deceased. Subsequent to the filing of the claim the husband died, and E. H. Kelly, having been appointed administrator of his estate, was substituted as claimant. The executors of the estate of the wife demurred to the petition on several grounds. The demurrer was sustained, and, claimant having elected to stand on the ruling, the claim was dismissed. The administrator of the estate of E. H. Skillman appeals. *Reversed.*

*Stockman & Baker,* for appellant.

*Chas. C. Heninger,* for appellees.

LADD, J.—Both husband and wife are dead, the latter first having departed this life, and the sole question presented on this appeal is whether, assuming the estate left by each to be ample to satisfy all claims for the expenses of last sickness and funeral of the wife, the husband in his lifetime, or the administrator of his estate, may have established in his favor the amount of such expenses as a contingent claim against the estate of the wife. Section 3343 of the Code authorizes the establishment of a contingent liability against the estate of a deceased person, and plaintiff contends that this claim should have been allowed for that, as counsel argue, the deceased wife's estate is primarily liable therefor, and the liability of the husband or his estate is only secondary. No question is made but that the expenses for hospital and medical attendance constitute a family expense which, under section 3165 of the Code, was "chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." As noted in *Schrader v. Hoover,* 80 Iowa, 243, this statute enlarges the husband's common-law liability for necessaries, and, as to the creditors, renders the wife equally liable with

the husband. As to them, both are principals. *Murdy v. Skyles,* 101 Iowa, 549. But neither is surety for the other. *Vest v. Kramer* (Iowa), 114 N. W. 886. The statute does not undertake to determine the relative obligations of the husband and wife as to such expenses, though the nature of these, owing to the solidarity of their interests, precludes any other conclusion than that these, being equal, payment by one confers no right of recovery or of contribution from the other.

At the common law, every husband was bound to bury his deceased wife in a suitable manner; that is, he was bound to defray all necessary funeral expenses. Schouler's Domestic Relations, section 199; *Patterson v. Patterson,* 59 N. Y. 574 (17 Am. Rep. 384). And notwithstanding the enactment of the married woman's acts, many courts, in the absence of statutes like that hereinafter referred to, adhere to the doctrine. Thus in *Smyley v. Reese,* 53 Ala. 90 (25 Am. Rep. 598), the husband as administrator of his wife's estate claimed credit for her funeral expenses and the erection of a monument marking her last resting place, but the items were rejected because of the husband's paramount liability therefor. To the same effect, see *In re Weringer's Estate,* 100 Cal. 345 (34 Pac. 825); *Staple's Appeal,* 52 Conn. 425; *Gallaway v. Estate of McPherson,* 67 Mich. 546 (35 N. W. 114, 11 Am. St. Rep. 596). But where the deceased wife's will expressly directs the payment of funeral expenses from her estate, the husband is held to be entitled to reimbursement. *Willeter v. Dobie,* 2 Kay & J. 647; *Jackson v. Westerfield,* 61 How. Prac. (N. Y.) 399. But for section 3347 of the Code, then, the obligations of the husband were such that upon payment of the expenses of the last sickness and funeral of his wife unless as administrator of her estate, claim therefor might not be established against her estate. That section provides that, "as soon as the executor or administrator is possessed of suffi-

cient means over and above the expenses of administration, he shall pay off the charges of the last sickness and funeral of deceased, and next, any allowance made by the court for the maintenance of the widow and minor children." Thereby preference is given over all ordinary debts, taxes, and the like, and, regardless of the relative obligations of the living or that of the husband at the common law, the duty of meeting these expenses is especially imposed upon the executor of every deceased person.

In *McClellan v. Filson,* 44 Ohio St. 184 (5 N. E. 861, 58 Am. Rep. 814), the court held that a statute directing the payment of funeral expenses out of the estate applied to the estates of married women and like rulings are found elsewhere. *Buxton v. Barrett,* 14 R. I. 40; *Carpenter v. Hazelrigg,* 103 Ky. 538 (45 S. W. 666); *Schneider v. Breiers,* 129 Wis. 446 (109 N. W. 99, 6 L. R. A. (N. S.) 917). While in England the law cast on the husband the duty of burying his deceased wife, this was not always at his own expense. *In re McMyn,* 33 Ch. D. 575, the wife was engaged in a separate business, and by will left her husband a legacy and named him as executor, but made no provision for funeral expenses. The court, speaking through Chitty, J., said that: "In most cases, the husband takes all his wife's personal property by reducing it into possession during his lifetime. To call upon him out of his own moneys in a case like the present, where the wife exercised the power of appointment and made the fund general assets for her creditors, but has omitted to mention her funeral expenses, would be too hard. I think therefore the husband is entitled to retain the sums expended for her funeral." This would seem to hold that the interest of the husband in the wife's property may have had something to do in fixing the husband's liability, but in *Gould v. Moulahan,* 53 N. J. Eq. 341 (33 Atl. 483), wherein the court held the wife's

estate liable for funeral expenses where the husband was unable to pay, said: "His liability for the expense of the interment does not arise in virtue of any interest he may have in the wife's property, but from the personal advantage it is to himself to have those *personae conjunctae* with him, his wife and lawful children, properly maintained during life and suitably buried at death."

In *Moulton v. Smith,* 16 R. I. 126 (12 Atl. 891, 27 Am. St. Rep. 728), the husband was administrator of his deceased wife's estate, and as such paid the expenses of funeral and last sickness. Upon his death, the administrator of his estate presented a claim therefor and expenses of administration, and the court held that though the husband was entitled to settle the estate as if no such relation existed, and if he so elected to pay therefor from the funds of the estate, but as she might not contract a debt, being covert, for physician's services, claim therefor was held not allowable. In *Towery v. McGaw,* 56 S. W. (Ky.) 727, the husband as administrator was allowed a credit for moneys paid out of his wife's estate for funeral expenses, but the hospital expenses of her last sickness were held to be "necessaries" within the statute of the state for which he was liable and not a proper credit. These decisions were independent of statutory provisions like those of this state but in *Constantinides v. Walsh,* 146 Mass. 281 (15 N. E. 631, 4 Am. St. Rep. 311) the precise question before us was under consideration. The wife had died possessed of a separate estate and left a will naming her son executor. The husband, without knowing this paid for her necessary funeral expenses, and, his claim against her estate therefor was allowed. The statutes of Massachusetts, though in different language, are in substance like those of this state in directing that, "when a person dies possessed of personal estate, the necessary expenses of his funeral and last sickness and charges of administration" be first paid, and the court, speaking

through Holmes, J., said: "The funeral expenses of the testatrix were a preferred charge upon her estate. Public Statute, chapter 135, section 3; chapter 137, section 1; Statutes 1882, chapter 141. Under these statutes, those establishing the independent position of married women with regard to their property, we think that, as between the estate of a married woman leaving property and her husband, the liability of the estate must be regarded as primary, and that it would be unreasonable to charge the husband for the funeral expenses, in all events as necessaries, irrespective of any fault on his part. If, then, it was still, as formerly, the plaintiff's legal duty to see that his wife was buried, but her estate was primarily liable, he is entitled to recover his reasonable expenditures, as in other cases when a person has paid, in pursuance of a legal duty, what, as between himself and another, that other was bound to pay.

"There is no technical difficulty in a husband's imposing a liability upon his wife's executor after her death. It was the plaintiff's legal duty to do what he did, nevertheless, we are of opinion that he stood on no worse ground than a stranger would have done. A stranger could have recovered against the estate of a man, if he was justified in intermeddling. *Sweeney v. Muldoon,* 139 Mass. 304, 306 (31 N. E. 720, 52 Am. Rep. 708). And formerly, in the case of a married woman, he could have recovered against her husband. *Lakin v. Ames,* 10 Cush. (Mass.) 198, 221; *Weld v. Walker,* 130 Mass. 422, 423 (39 Am. Rep. 465); *Bradshaw v. Beard,* 12 Com. B., N. S. 344. Undoubtedly he could now recover against her estate. If so, the husband can." The statute quoted makes it obligatory on executors and administrators of estates having sufficient means to meet both the charges of the last sickness and of the funeral of a deceased person. Neither necessarily depends on the contract of deceased or others but may rest on this statute. While the expenses of last

sickness differ from those of funeral in that they are rendered during the life of the person on whose estate they are made a charge, the necessity for their rendition is similar to the latter, and the law authorizing their payment may be justified on like principles. *Cunningham v. Lakin,* 97 Pac. (Wash.) 448. The legislative design in enacting the statute quoted was to assure to every person care in his last sickness and appropriate burial by declaring the charges therefor, preferred claims and exacting their payment as soon as funds enough to satisfy them, come into the possession of his personal representative. It is mandatory in form. It contains no discrimination as between creditors to whom such charges may be owing and the duty to pay is declared independently of any obligation which may exist on the part of others. Its language obviates the inference otherwise to be drawn that it was intended merely to declare a preference as between claims against the estate. As seen, it may be deemed the basis for the allowance of such expenses, and we are of the opinion that the legislative intent was to impose on the estate of every deceased person a primary liability for the charges of the last sickness and funeral. If so, the obligation of either husband or wife therefor is secondary thereto in character, and, in event of payment by either, such charges may be established as claims against the estate of the deceased. This construction is not only reasonable, but is well calculated, in a case like this, where both husband and wife are dead, and each has left an ample estate, to protect the property of the one against the unseemly efforts of the heirs or devisees of the other to evade the satisfaction of the reasonable charges of the last sickness and funeral from the estate of the decedent under whom they take. The claims should have been established as contingent claims against the estate.—*Reversed.*

McCLAIN, J. (dissenting).—Notwithstanding statutory provisions enabling married women to enter into contracts and hold property in their own right, and authorizing the enforcement of claims against their estates to the same extent and in the same manner as claims may be enforced against the estates of men and of single women, it certainly remains true in this state, as generaly elsewhere, that the husband is liable for expenses. of the last sickness of his wife and the expenses of the burial of her body after her death. Such liability exists without specific statutory provision. *Gould v. Moulahan,* 53 N. J. Eq. 341 (33 Atl. 483); *McClellan v. Filson,* 44 Ohio St. 184 (5 N. E. 861, 58 Am. Rep. 814); *Smyley v. Reese,* 53 Ala. 89 (25 Am. Rep. 598); 21 Cyc. 1233. The common-law liabilities of the husband are not superseded by statutes enlarging the liability of the wife and her estate. *Vose v. Myott,* 141 Iowa, 506. The result of making the estate of the wife liable is to create a double liability; that is, to afford the creditor a right of recovery either against the husband or against the estate of the wife as he may elect. It is no ground for refusing payment from the estate of the wife that the husband is liable, nor, on the other hand, is the husband excused from payment on account of the liability of the wife's estate. See *McClellan v. Filson* and *Smyley v. Reese, supra,* and *Schneider v. Estate of Breier,* 129 Wis. 446 (109 N. W. 99, 6 L. R. A. (N. S.) 917). In none of these cases is it intimated, much less decided, that the husband's liability becomes secondary because the claim is made a valid charge against the estate of the wife. Where the husband paid the expenses of the last sickness he was held not entitled to make a claim therefor against the estate of his deceased wife for the amount, although under her will he subsequently qualified as her executor. *Towery v. McGaw,* (Ky. App.) 56 S. W. 727. Not inconsistent with the theory of double liability are the cases holding

that if the husband, as executor of his wife's estate, and, acting under the direction in the will, extinguishes the charges for last sickness and funeral, they can not be taxed up to him as his personal indebtedness. *In re McMyn,* L. R. 33 Ch. D. 575; *Willeter v. Dobie,* 2 Kay & J. 942. This result is entirely consistent with our statutory provision making the expenses of the family chargeable upon the property of both husband and wife, or either of them. Code, section 3165. Certainly the expenses for sickness of the wife are family expenses for which the husband is liable, and we think the same must be true as to the expenses of her funeral. Surely the property of either husband or wife would bo liablc for the funeral expenses of a child, and we see no reason now for doubting that the property of either is liable for the expenses of the burial of the other. Treating them as family expenses, it is well settled that such charges paid by either husband or wife can not be recovered from the other or from the other's estate. In such cases there is no claim for reimbursement or contribution. *Johnson v. Barnes,* 69 Iowa, 641; *Courtright v. Courtright,* 53 Iowa, 57; *McCartney v. Carter,* 129 Iowa, 20.

In view of these well-settled principles, there is nothing to sustain appellant's contention, unless the language of Code, sections 3347, 3348, declaring that the executor or administrator of the estate of a deceased person shall pay the charges of the last sickness and funeral of the deceased before the estate shall be subjected to the payment of debts is to be given that effect. We see nothing in the language of these sections to indicate any purpose on the part of the Legislature to declare a priority of liability on the part of the estate of the wife and make that estate the primary fund for the payment of such expenses, leaving the husband or his estate only secondarily liable. The evident purpose of this statutory provision is to prefer claims which may be presented for expenses of last sick-

ness and funeral over claims for other debts. With reference to funeral expenses, the statute simply embodies a rule generally recognized in the administration of estates without regard to statute, but as to the expenses of last sickness it is in harmony with statutes in other states in establishing a preference which without the statute has not generally been recognized. See, Schouler, Executors (3d Ed.) sections 421, 423.

The only case supporting the view of the majority that the purpose of the Legislature was to fix the liability of the wife's estate so that the husband would be relieved from such liability is that of *Constantinides v. Walsh,* 146 Mass. 281 (15 N. E. 631, 4 Am. St. Rep. 311). As applied to our statutes, the reasoning of that case is not to my mind persuasive, and I am not willing to follow it. The question is one of construction as to the effect of our statute, and I am unable to give to it the construction indicated in the majority opinion. Such a construction would, in my judgment, introduce a new rule in actions brought by the husband for injuries causing the death of the wife. If the estate of the wife is primarily liable for expenses of last sickness and funeral, then the husband could not recover these in an action for injuries causing her death, and yet we have expressly held in *Mowry v. Chaney,* 43 Iowa, 609, that in an action by the husband expenses made necessary by the injury to the wife resulting in her death may be recovered, it is only injury to the wife's estate which may be recovered in an action by her administrator. In an action by the wife for injuries received, she is not entitled to recover expenses of medical services not previously paid or agreed to be by her. *Elenz v. Conrad,* 115 Iowa, 183. The adoption of the rule stated by the majority will, as it seems to me, introduce confusion in determining what damages are recoverable in an action by the administrator of the wife's estate. I am not contending that it would be unreasonable.

in the nature of things to allow the administrator in such cases to recover the expenses of last sickness and funeral, but I think confusion will result from the holding that the husband can not recover in such cases.

The substantial ground, however, for my inability to agree with the views of the majority is that at common law, and under our statute relating to family expenses, there is a direct and primary obligation resting on the husband to make payment, and that there is no purpose inferable from the provisions of Code, sections 3347, 3348, to relieve the husband from this liability. The estate of the wife is no doubt also liable, but I see no purpose to allow the husband or his estate to cast such liability on the wife's estate if the husband or his estate should be charged. I think, therefore, that the decision of the lower court should be affirmed.

DEEMER, C. J., concurs in the dissent.