W. A. BROWN, EXECUTOR OF ROSA L. BROWN, v. BARON B. BROWN.

(Filed 24 September, 1930.)

**1. Executors and Administrators D c—The law implies promise to pay funeral expenses and makes them preferred claim against estate.**

The obligation of the estate of a deceased to pay his funeral expenses is a preferential charge fixed by statute which implies a promise to pay for them. C. S., 93.

BROWN *v.* BROWN.

**2. Same—Husband and Wife B g—In absence of wife's agreement to be liable therefor her solvent husband is primarily liable for her funeral expenses.**

> The solvent husband of a deceased wife is primarily chargeable with the payment of her funeral expenses, and her separate estate is secondarily liable, and our statute permitting her to make an executory contract binding her separate estate does not change the common-law rule, although it gives her the power to make her estate primarily liable therefor by express agreement or intent to that effect.

**3. Same—In this case held: testamentary provision in will of wife charged her separate estate with primary liability for her funeral expenses.**

> Where a wife has executed a will which expresses her intent that her funeral expenses be paid out of her separate estate, the common-law rule that her husband is primarily liable therefor does not apply, and her separate estate is chargeable therewith, and where the solvent husband has paid them he may file and maintain a petition before the clerk of the court for the sale of her lands to make assets for their payment, the personal property being insufficient, and is entitled to be repaid from the proceeds the money he has thus advanced.

APPEAL by defendant from *Midyette, J.,* at April Term, 1930, of HERTFORD.

W. A. Brown and Rosa L. Brown were husband and wife; the defendant, Baron B. Brown, is the son of Rosa and the step-son of W. A. Brown. Rosa L. Brown died leaving a last will and testament containing the following three items:

"1. My executor, hereinafter named, shall give to my body a decent burial, suitable to the wishes of my friends and relatives and pay all funeral expenses, together with all my just debts out of the first moneys which shall come into his hands belonging to my estate.

2. I give and devise to my beloved son, Baron B. Brown, in fee simple all my farm located in St. Johns Township, Hertford County, and bounded as follows (description follows).

4. It is my will and desire that my husband, W. A. Brown, shall have a lifetime estate in the entire farm which I have given to my son, Baron B. Brown, to use and occupy as he sees fit, receiving the rents and profits from same, and at his death to go to my son, Baron B. Brown."

The testatrix appointed her husband, W. A. Brown, the executor of her estate, and he filed a petition to sell the land described in the second and fourth items of the will to make assets for the payment of claims against her estate. Pleadings were filed and the cause was transferred to the Superior Court. It was admitted upon the hearing that the funeral expenses of Rosa L. Brown, testatrix, had been paid by W. A. Brown, her husband, who qualified as executor, and that he had not been reimbursed; that the funeral expenses are the only charge now outstanding against the estate; that the personal estate of the testatrix is

insufficient to pay the amount of said funeral expenses, and that W. A. Brown, the husband, is solvent.

It is provided by statute that the assets must be applied in paying (1) debts of the decedent which have a specific lien on the property, and (2) funeral expenses, etc. C. S., 93.

The question is whether W. A. Brown has a legal right to recover from the estate of Rosa L. Brown the amount which he advanced for the payment of the funeral expenses. It was adjudged that the plaintiff is entitled to reimbursement and that the land be sold as requested in his petition to make assets for this purpose. The defendant excepted and appealed.

*Alvin J. Eley for appellant.*
*C. W. Jones and D. C. Barnes for appellee.*

ADAMS, J. At common law the husband was under obligation to supply the wife with such necessaries as, in view of his fortune, were reasonably suitable to her station in life, and in the event of her death to provide appropriate burial for her body and to pay all the funeral expenses. *Jenkins v. Tucker,* 126 Eng. Reports, 55, 4 C. P., 90; *Ambrose v. Kerrison,* 138 Eng. Reports, 307, 16 C. P., 776. This "last act of piety and charity" devolves upon him because "the law makes that a legal duty which the laws of nature and society make a moral duty." *Willes, J.,* in *Bradshaw v. Beard,* 142 Eng. Reports, 1175, 20 C. P., 344.

This doctrine is approved in a majority of the jurisdictions of this country and is founded either on the common law or on the view that local statutes do not abrogate the common-law rule. *Smyley v. Reese,* 53 Ala., 89, 25 A. R., 598; *Beverly v. Nance,* 224 S. W. (Ark.), 956; *In re Weringer's Estate,* 34 Pac. (Cal.), 825; *Brezzo v. Brangero,* 196 Pac. (Cal.), 87; *Gustin v. Bryden,* 205 Ill. App., 204; *Scott v. Carothers,* 47 N. E. (Ind.), 389; *Rocap v. Blackwell,* 137 N. E. (Ind.), 726; *Phillips v. Tribbey,* 141 N. E. (Ind.), 262; *Stonesifer v. Shriver,* 59 At. (Md.), 139; *Sullivan v. Horner,* 7 At. (N. J.), 411; *Kettener v. Nelson,* 37 L. R. A. (N. S.), (Ky.), 754; *Kenyon v. Brightwell,* 120 Ga., 606, 48 S. E., 124, 1 Ann. Cas., 169 and note; *Hall v. Stewart,* 135 Va., 384, 116 S. E., 469, 31 A. L. R., 1489, and annotation.

Many of the decisions enunciate the principle that the separate estate of the wife is not liable for funeral expenses. It was so held in *Bowen v. Daugherty,* 168 N. C., 242, although as therein stated courts of eminent ability and learning have held that by reason of local statutes the estate of the deceased wife is primarily liable. In that case it was shown that the wife died intestate seized of a tract of land, but not leaving sufficient personal property to pay the claims against her estate.

BROWN *v.* BROWN.

G. W. Bowen qualified as her administrator and filed a petition to sell the land to pay claims, including funeral and burial expenses. The accounts against her estate were made after the adoption of the act giving married women the right to contract. Soon after her death her husband died, leaving enough property to pay these claims and all debts against his own estate. The trial court adjudged that the estate of the deceased wife was liable and that the land should be sold. On appeal the judgment was reversed.

After saying that the husband is liable for the funeral expenses and "necessaries" furnished the wife during their married life, the Court, in elucidation of its position, held that a married woman in proper instances may now be liable on the common counts in assumpsit; but in the absence of a promise and of any evidence tending to show that credit was given to her, or of any facts and circumstances to make her exclusively or primarily liable under the general equitable principles of *indebitatus assumpsit,* there was no reason why a debt of the husband should be imputed to the wife. It was suggested that if the husband should fail to pay reasonable funeral charges, or his estate should be insolvent, an equity might arise in behalf of a creditor enabling him to collect from the wife's estate—this on the ground of necessity, or on the principle that a parent who is unable to support his child may charge the child's estate with maintenance. *Smyley v. Reese, supra; Nashville Trust Co. v. Carr,* 62 S. W. (Tenn.), 204; *Kenyon v. Brightwell, supra.*

Funeral expenses are not technically a debt, but a charge upon the estate of the deceased. *Gregory v. Hooker,* 8 N. C., 394; *Parker v. Lewis,* 13 N. C., 21; *Ward v. Jones,* 44 N. C., 127; *Ray v. Honeycutt,* 119 N. C., 510. In the case last cited it is said that the necessary and proper expenses of interment are a first charge upon the assets in the hands of the personal representative, and that the law will imply a promise to him who, from the necessity of the case, for any reason incurs the expense of a proper burial. But it is obvious, as held in *Bowen v. Daugherty, supra,* that this principle is not intended to bind the estate of a deceased wife who died intestate, in exoneration of her surviving husband who is solvent.

It is said in the concurring opinion of *Chief Justice Clark* in *Bowen v. Daugherty* that the wife is not made responsible for articles bought for her support unless by her contract or conduct she leads the seller reasonably to understand that she assumes individual responsibility; and even then that the husband would remain liable and the seller could recover against either or both. The law which confers upon married women the capacity to make contracts, and to deal with their property as if they were unmarried has not abrogated the husband's common-law liability for "necessaries" furnished his wife. His responsibility for the funeral expenses of his deceased wife rests upon the principle which

makes him liable for her maintenance while she is living (*Smyley v. Reese, supra*); and his liability is ordinarily primary unless he is relieved therefrom by some contractual or testamentary provision. *Phillips v. Tribbey, supra.*

But in the present case is not the husband relieved of primary liability by the testamentary provision of his deceased wife? In the second item of her will she expressly charged her separate estate with the payment of "all funeral expenses." She had legal capacity to do so. *Lipinsky v. Revell,* 167 N. C., 508. In *Bowen's case* it is said that as a rule neither a wife nor her estate is liable for the payment of a debt contracted for "necessaries" furnished her, or for funeral expenses; but that her express promise is one of the modes by which she and her estate may be bound. The promise or charge upon her property may be by testament. In 1856 the point was considered by the English Court of Chancery in *Willeter v. Dobie,* 2 Kay & Johnson, 647. There the wife had charged her funeral expenses on the residue of her separate estate, and it was held that her husband, who had paid the expenses, was entitled to reimbursement out of the residue. Substantially the same principle is approved in *McClellan v. Filson,* 44 Ohio St., 184; *Babbitt v. Morrison,* 58 N. H., 419; *Gustin v. Boyden, supra; Kenyon v. Brightwell, supra; Rocap v. Blackwell, supra.* The logical effect of the wife's testamentary charge upon her separate property is to impose ultimate liability upon her estate rather than upon the surviving husband. *Willeter v. Dobie, supra; Wheeler's Estate,* 4 Pa. Dist. R., 265; *Jackson v. Westerfield,* 61 How. Pr., 399; *Re Stadtmuller,* 110 App. Div., 76, 96 N. Y., Supp., 1101.

If a married woman dies intestate her estate is chargeable with funeral expenses only in such exceptional instances as were pointed out in *Bowen v. Daugherty;* but if she makes a will charging her estate with the payment, the burden thus imposed becomes the primary liability.

The plaintiff is entitled to reimbursement.

Judgment affirmed.