ESTATE OF LUCY O. McGUGAN, DECEASED, ARTHUR McGUGAN, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109208. Promulgated September 10, 1942.

*Eldridge Hart, Esq.*, for the petitioner.
*E. M. Woolf, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding is for the redetermination of a deficiency of $5,098.31 in the estate tax of Lucy O. McGugan, deceased. The question in issue is whether the expenses of decedent's last illness and funeral are deductible from the gross estate in determining the value

of the net estate. The respondent has determined that under the laws of the State of Florida, where the decedent was a resident, these items were the primary liability of the decedent's surviving husband and are therefore not properly allowable as deductions from the decedent's estate. The facts are stipulated.

The decedent died a resident of the State of Florida on June 20, 1938, leaving a will which was probated and administered in Orange County, Florida. Item I of the will provided: "I direct that all my just debts and funeral expenses be paid out of my estate as soon after my decease as shall be found convenient."

The decedent was survived by her husband, Arthur McGugan, who was named executor of her estate. An estate tax return was filed by the executor with the collector of internal revenue for the district of Florida. In the estate tax return the deduction was claimed of $685 representing $450 of physician's fees and nursing fees of $100, which were incurred in decedent's last illness, and funeral expenses of $135. These items were all paid out of the funds of the estate.

In his deficiency notice the respondent disallowed the deduction of all these items, stating:

Funeral expenses in the amount of $100.00 have been disallowed for the reason that under the laws of the State of Florida such expenses are the personal liability of the decedent's husband and therefore do not constitute a proper deduction from the gross estate of the decedent.

The deduction for debts of the decedent has been decreased $575.00, made up of the following items:

| | | |
|---|---|---|
| (a) Physician's Fee | | $450.00 |
| (b) Nursing Fee | | 100.00 |
| (c) Pledge to Winter Park Symphony Orchestra | | 25.00 |

(a) and (b). The expenses of the last illness of the decedent have been disallowed on the ground that under the Florida State laws they are the personal liability of the decedent's husband and hence do not constitute a proper deduction from the taxable estate of the decedent's wife.

Section 303 (a) of the Revenue Act of 1926, as amended by section 805 of the Revenue Act of 1932 and section 403 (a) of the Revenue Act of 1934, provides in part as follows:

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

(1) Such amounts—

(A) for funeral expenses.

(B) for administration expenses.

(C) for claims against the estate.

\* \* \* \* \* \* \*

as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, \* \* \*

The respondent's determination that the expenses of decedent's last illness and funeral are not deductible from the gross estate because not allowed by the laws of the State of Florida is based upon the ruling of the Supreme Court of Florida in *Fletcher* v. *Rickey* (1934), 154 So. 147. It was held in that case that the expenses of the deceased wife's last illness and funeral were a primary liability of the surviving husband and that the separate real estate of the deceased wife, which upon her death passed to her husband and daughter in equal shares, was not subject to sale by the administrator for the purpose of paying such expenses.

The court's opinion reads in part as follows:

On the face of the record it appears that the claims presented, and for the payment of which the separate property of the decedent was sold, were valid claims against her surviving husband, William Snyder, and there existed no authority of law to subject in the probate court the separate property of the decedent to sale for the payment of these claims. On the death of Tillie Snyder. the property descended by virtue of the statutes of inheritance to William Snyder, the husband, and Dora, the daughter, in equal parts, and at the death of William Snyder, which the record shows to have later occurred, his interest in the property descended to the daughter, Dora.

\*    \*    \*    \*    \*    \*    \*

Now the record shows, as hereinbefore stated, that Tillie Snyder was under the disabilities of coverture at the time of her death, and, therefore, her separate property could not then have been reached by creditors, except by that course of procedure which is authorized by statute to carry into effect the provisions of section 2 of article 11 of the Constitution of Florida. The debts accruing, as the debts here are alleged to have accrued, became and were the debts of the husband, and, therefore, the married woman was not liable for that part of the debt which accrued prior to her death and her separate estate was not liable to be held for it after her death. When she died, the property here involved immediately became vested in her surviving heirs, the husband and daughter, and was no more liable to be sold for the payment of her debts or for her funeral expenses, in so far as the share of the daughter was concerned, than if she, the daughter, had acquired the property through some other and different source.    \*    \*    \*

Section 2 of article 11 of the Constitution of Florida has no application to the facts in the instant case. It merely provides creditors of a married woman's estate certain remedies against the assets of the estate for a limited number of purposes, none of which relates to the payment of last illness and funeral expenses.

While *Fletcher* v. *Rickey*, *supra*, offers some basis for the respondent's determination in the instant proceeding, it is to be noted that the facts there were entirely different from those in the instant proceeding. There, the wife died intestate, survived by her husband and daughter and leaving a separate estate consisting of a parcel of realty. Before administration of her estate the husband died. Thereafter, an administrator was appointed for the wife's estate and the administrator, pur-

suant to order obtained from the county court, sold the real estate which the decedent had owned at the time of her death to pay "some debts alleged to be due" by her consisting of a $3.60 doctor bill and $85 due on her funeral expenses. The court pointed out that upon the death of the wife her real estate passed to her husband and daughter in equal shares and that upon the death of the husband his interest also passed to the daughter, so that at the time of the appointment of the administrator for the wife's estate the property in question was wholly owned by the daughter and was not subject to administration as a part of the wife's estate.

In the instant proceeding the decedent left an estate consisting of both real and personal property and provided in her will that the expenses of her last illness and funeral be paid out of her estate. The statutes of the State of Florida provide that: .

> *Order of payment of expenses of administration and claims against the estate.*— Personal representatives shall pay the expenses of administration and claims against the estate in the following order:
>
> Class 1. Costs, expenses of administration, compensation of personal representatives and their attorneys' fees.
>
> ·· Class 2. Reasonable funeral expenses not to exceed the sum of three hundred and fifty dollars and any excess over said sum shall be considered as included in the payments specified to be made in Class 8.
>
> Class 3. Expenses of last illness of the decedent, including debts for board and lodging, hospital, physicians', surgeons', and druggist bills and nursing, attendance and medicine during the last sickness of the deceased, incurred within a period of sixty days prior to the death of the decedent. [§ 5541 (96), Title I, ch. V, art. 7, Compiled General Laws of Florida.]

Even conceding for the sake of argument that under the rule of *Fletcher* v. *Rickey*, *supra*, the decedent's real estate could not have been sold for payment of the disputed items, that is not determinative of our question. Schedule O of the decedent's estate tax return shows mortgages, notes, and cash of over $13,000, jointly owned property of over $12,000, other miscellaneous property of approximately $14,800, and "Transfers during decedent's life" of approximately $300,000. Thus, apparently there were ample funds for payment of the amounts specified in the will out of decedent's personal property. We do not have here any question as to the right of the executor of decedent's estate to sell any real estate left by the decedent.

We do not construe *Fletcher* v. *Rickey* as prohibiting the payment of expenses of a decedent's last illness and funeral out of the general funds of the estate, where the decedent has so directed by will and where there are ample funds for such purpose. It has been held that, even though under the common law these expenditures are regarded as primary liabilities of the surviving husband, the husband is relieved of such liability where the wife directs in her will that they be paid

out of her estate and leaves sufficient property for their payment. See *In re Skillman's Estate*, 146 Iowa 601; 125 N. W. 343; *Brown* v. *Brown*, 199 N. C. 473; 154 S. E. 731.

It is clearly the purpose of the Federal estate tax law to permit the deduction of such items if allowed by the laws of the jurisdiction under which the estate is being administered. Since it is stipulated that the items in dispute were paid by the executor and that the administration of the estate has been closed, the items apparently were allowed as deductions from the gross estate by the laws of the State of Florida.

We are of the opinion that the respondent erred in his disallowance of the deduction from the gross estate of the funeral expenses and expenses of decedent's last illness.

No question is raised in this proceeding as to respondent's disallowance of the pledge of $25 to the Winter Park Symphony Orchestra, as shown in the deficiency notice.

*Decision will be entered under Rule 50.*