328

## FACKLER, ESTATE OF, In Re.

Probate Court, Tuscarawas County.

Decided November 20, 1943.

Bowers, Stafford & Bowers, New Philadelphia for executrix.
Fugene J. Sawiciki, Cleveland, for the United States Division of Internal Revenue.

### OPINION

By LAMNECK, J.
Margaret C. Fackler died testate on the 5th day of June, 1942,

and thereafter Grace E. Fackler was appointed executrix of her estate. Her estate consists of securities and chattels appraised at $593.00. The total claims filed with the executrix total $1275.85 exclusive of administrative costs, but including funeral expenses amounting to $399.78, expenses of last sickness amounting to $220.33, and a claim of the United States Department of Internal Revenue amounting to $19.50 for income taxes. The costs and expenses of administration will approximate $100.00.

The United States Department of Internal Revenue made a demand on the executrix for payment of its claim as a preference over expenses of last sickness, and the executrix being in doubt as to the order in which claims should be paid, filed an application in this court under date of November 9, 1943, asking the instructions of the court in the premises.

Under the provisions of §10509-121 GC, claims against an estate of a decedent shall be paid in the following order:

1. Costs and expenses of administration.

2. Bill of funeral director not exceeding three hundred and fifty dollars, such funeral expenses other than the bill of the funeral director as are approved by the court, **and the expenses of last sickness.**

3. The allowance made to the widow and children for their support for twelve months.

4. Debts entitled to a preference under the laws of the United States.

Under this section the expenses of last sickness have a preference over debts due the United Staes.

However, it is contended by the United States Department of Internal Revenue that Section 3466 of the Revised Statutes of the United States, U. S. C., title 31, sec. 191, 31 U. S. C. A., supersedes this section.

Section 3466 of the United States Revised Statutes reads as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

If §10509-121 GC is in conflict with Section 3466 of the United States Revised Statutes. then the federal section prevails over the state law, because the right of the United States to priority in pay-

ment of debts due it by an insolvent estate can not be impaired by state law. (State v Bank, 237 N. W. 293, 121 Neb. 407; In re Dickson's Estate, 1938, 84 Pac. (2d), 661, 197 Wash. 145.)

In Bowes v U. S. 1940, 11 Atl. (2d), 720, 127 N. J. Eq., 152, it was held that an executor in paying claims against deceased's estate, was required to pay claims for administration expenses first, then claims for estate taxes due the United States.

In Harrison v Deutsch, 13 N. E. (2d), 511, 294 Ill App. 8, the court held that the claim of the United States against an estate for income taxes was entitled to priority over all claims, except funeral expenses, costs of administration, and widow's award. This conclusion was reached even though Section 70, Chapter 3 of the Illinois State Bar Statutes provided in part that demands against estates should be paid in the following order:

1. Funeral expenses and costs of administration.
2. Widow's award.
3. Expenses attending last illness.

Section 3466 of the United States Revised Statutes provides that "debts due the United States shall be first satisfied." By a long line of decisions taxes including income taxes are "debts" within the statute giving priority to debts due the United States. (Hatch v Morosco Holding Co., Inc., 61 Fed. (2d), 944, 55 Sup. Ct. 404, 288 U. S. 613, 77 L. Ed. 986.)

Funeral expenses, costs of administration, and the allowance for a year's support to the widow and children are not "debts due from the deceased" and are therefore not barred by Section 3466 of the United States Revised Statutes of the preference given to such items by §10509-121 GC. They are liabilities and charges against the estate raised by and imposed by law as distinguished from obligations arising by some act or promise of the deceased.

But expenses of last sickness can not be included in the category of expenses of administration or of funeral expenses. Such an obligation arises from the request or obligation of the decedent, express or implied, and are therefore "debts due from the deceased "

The fact that Section 3466 of the United States Revised Statutes which gives a preference to funeral expenses over debts due the United States and not to expenses of last sickness, prevails over §10509-121 GC, which places funeral expenses and expenses of last sickness in the same priority, presents somewhat of an enigma difficult of solution where there are insufficint assets, as in this case, to pay funeral expenses, debts due the United States, and expenses of last sickness in full.

Until there is a revision of §10509-121 GC to make it conform to the federal statute, Probate Courts must reconcile the state and federal statutes in so far as possible.

Where in an insolvent estate of a decedent there are insufficient funds to pay costs and expenses of administration, preferred funeral expenses, debts of the deceased due to the United States, the year's

allowance of support to the widow and children of the deceased, and the expenses of last sickness, in full, the assets shall be distributed as follows:

1. Costs and expenses of administration shall be paid.

2. An amount equal to the preferred funeral expenses, and the allowance for a year's support to the widow and minor children of the deceased shall be sequestered and held for the purpose of calculation.

3. Debts due the United States to the extent of assets available therefor after making deductions for costs and expenses of administration, preferred funeral expenses, and the allowance for the year's support to the widow and children of the deceased shall be paid.

4. The remaining assets, the assets set aside for preferred funeral expenses, and the allowance for a year's support for the widow and children of the deceased shall be placed in a common fund and shall be distributed as follows:

a. Preferred funeral expenses and expenses of last sickness, pro rata.

b. Year's allowance for support for the widow and minor children.