Samuel Faile, S.
This accounting proceeding involves the priorities to be accorded a claim asserted by the United States for unpaid income taxes, a portion of which in the amount of $15.85 is claimed to represent taxes withheld by the deceased employer. Claimant asserts that the amount of taxes allegedly withheld by the employer constitutes a trust fund entitled to a priority over administration and funeral expenses. The claimed priority as to taxes withheld is predicated upon the provisions of subdivision (a) of section 7501 of the Internal Revenue Code of 1954 (U. S. Code, tit. 26, § 7501, subd. [a]), which reads as follows: “General Rule.— Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose.”
Funeral expenses, although not debts of decedent, constitute a claim against the estate (Matter of Stiles, 126 Misc. 715), and to the extent that such expenses are reasonable in amount are entitled to priority over debts (Surrogate’s Ct. Act, § 216), although subordinate to the expenses of administration. (Matter of Tangerman, 226 App. Div. 162; Matter of Turner, *845 178 Misc. 699.) The claimant has not established, however, that any taxes withheld were retained as a separate fund by the deceased employer and no effort has been made to trace such fund into assets owned by the decedent at the time of his death.
Where taxes withheld have not been maintained as a separate fund or cannot be traced, the beneficiary may not impress a trust upon assets which have not been set apart as trust funds unless the trust property can be followed into its product. The claim of the beneficiary of a trust against the trustee for damages of a breach of trust does not in itself entitle the beneficiary to priority over other claims against the trustee. Where the trustee disbursed the trust property or a part of it so that its proceeds cannot be found, the beneficiary has a claim only against the trustee enforcible against his individual property, and in enforcing this claim, he stands in no better position than other creditors of the trustee, and if the trustee is insolvent, the beneficiary is entitled to no larger dividend out of the trustee’s individual estate than are other creditors of the trustee. (See 2 Scott on Trusts [2d ed.], § 202.)
The estate taxes not having been maintained in a separate fund and the trust property not having been traced into its product, the beneficiary has no lien against the individual assets of the faithless trustee. (Matter of Hicks, 170 N. Y. 195.)
The statute above quoted also provides that the same remedies which are available to enforce payment of income taxes generally, are also available with respect to taxes withheld by an employer. Where the trust property has not been maintained as a separate fund and the trust property cannot be traced into its product, the Federal statute accords the same priority with respect to taxes withheld by the employer as that accorded income taxes generally. Under these circumstances, the court determines that the claim of the United States is entitled only to the priority accorded by subdivision 1 of section 212 of the Surrogate’s Court Act to debts entitled to preference under the laws of the United States.
Settle decree.