John D. Bennett, S.
This is an application for an order directing payment of funeral expenses. The validity of the claim and the reasonableness of the amount thereof are not disputed. The executors have reported to this court that they have received less than $10,000 total assets in this estate and that the United States Treasury Department has filed a notice of claim against the estate in a total sum of $11,882.17. This claim includes $2,746.08 for income tax, $1,746.24 for Federal Unemployment Tax Act, and the balance $7,389.85 for withholding tax.
Funeral expenses have a priority over income taxes due the Federal Government (Matter of Stiles, 126 Misc. 715) and over withholding taxes, unless a separate fund was maintained or the moneys can be traced (Matter of Mowbray, 4 Misc 2d 844). Presumably the same principles would apply to the FUTA payments as to the withholding tax, namely, that if they were a separate fund or can be traced, they are a special trust fund for the United States and not properly a part of the estate.
*2 The uncertainty which confronts the executors arises out of certain equitable principles concerning’ the following’ of converted funds. It has been held that the impossibility of pointing out the precise thing into which the money went or the precise time when the conversion took place, does not prevent equity from giving a preference against any fund or property which includes the proceeds of such trust (Matter of Cavin v. Gleason, 105 N. Y. 256). Where there is a commingling of trust and private funds deposited in a bank, it is presumed that subsequent withdrawals are of private funds and when the balance falls below the amount of the trust, that deposits are intended to restore the trust funds (Matter of Kornder, 168 Misc. 553). This doctrine is not based on probability of fact, but upon the equitable principle that to do otherwise would result in assuming dishonesty and dereliction of duty (Matter of Holmes, 37 App. Div. 15, affd. 159 N. Y. 532).
Of course, where a bank account or other assets could not include commingled trust funds, the cestui que trust would have no special rights in the fund. He would have a claim only against the trustee, individually, against his individual property. In enforcing such claim, he stands in no better position than other creditors of the trustee and if the trustee is insolvent, the beneficiary is entitled to no larger dividend out of the trustee’s individual estate than are the other creditors of the trustee (.Matter of Mowbray, 4 Misc 2d 844, supra).
Until the status of the assets on hand is determined, the executors are faced with the possibility of having more than $9,000 of the less than $10,000 assets adjudicated a trust fund which would be no part of the estate. The court, therefore, cannot direct at this time the payment of the funeral bill of $1,196.30.
The relief sought in the petition is denied without prejudice to renewal at a later date and, without costs to either party.