In re Estates of Elizabeth and Arlis Ross, deceased.

Alanson K. Elgar, administrator, w/w/a, and Henry County, claimant-appellees, v. State Board of Social Welfare, claimant-appellant.

No. 51020.

(Reported in 122 N.W.2d 355)

June 11, 1963.

Evan Hultman, Attorney General, Theodor W. Rehmann, Jr., Assistant Attorney General, and John T. Haughey, State Counsel, of Des Moines, for claimant-appellant.

Harlan W. Bainter, County Attorney, of Mount Pleasant, for claimant-appellee Henry County.

GARFIELD, C. J.—This is a contest in probate between Henry County and the State Board of Social Welfare over priority of the respective claims of each as against the personal estate of the survivor of a deceased couple who were receiving support from the county as poor persons under chapter 252, Code, 1958, and old-age assistance from the state board under chapter 249. The trial court held on agreed facts the county's claim, to the amount of expense paid by it of the last sickness of decedents, had priority. The state board has appealed. We affirm the trial court.

The husband died testate July 15, 1961, leaving his wife as sole beneficiary. The wife died intestate April 3, 1962. They owned some real estate and personalty in common, the full interest in which was included in the wife's estate. The state board filed claim for approximately $5400 for old-age assistance it furnished decedents from November 1, 1958, until their deaths. About $2700 was furnished each recipient. Decedents were also receiving support from Henry County as poor persons. The county filed claim for about $1267 for hospital and doctor bills paid by it. Of this, $433.65 was expense of the husband's last sickness and $9 was expense of the wife's last sickness.

The trial court ordered this $442.65 paid from the proceeds of the personalty prior to payment of the state board's claim.

The state board argues Code section 249.19 provides "the total amount paid as assistance, shall be allowed as a lien against the real estate * * * of the decedent and as a claim of the second class against the personal estate of such decedent * * *." This is the statutory provision. The trial court established the board's

lien against the realty but the proceeds from its sale were insufficient to pay the claim in full. Hence the present controversy.

It is also argued the only right the county has to reimbursement for expenditures for decedents' respective last sicknesses is contained in Code section 252.13 and, since it does not provide otherwise, the county's claim is only that of the third class within Code section 635.66, infra, and therefore inferior to the State's claim of the second class.

So far as pertinent now, section 252.13 states: "Any county having expended any money for the relief or support of a poor person, under the provisions of this chapter, may recover the same from * * * his estate * * * by filing the claim as provided by law."

Section 635.65 provides: "As soon as the executor or administrator is possessed of sufficient means over and above the expenses of administration, he shall pay off the charges of the last sickness and funeral of deceased, * * *."

Section 635.66, so far as material, states: "Other demands * * * shall be payable in the following order:

"1. Debts entitled to preference under the laws of the United States.

"2. Public rates and taxes.

"3. Claims filed within six months * * *."

We are not persuaded the state board's argument should be accepted. It is true section 252.13, supra, does not state in so many words the county's claim for reimbursement for charges of the last sickness has priority over claims of the second class under section 635.66, of which the State's claim is one by virtue of section 249.19, supra. Neither does 252.13 state directly or, as we think, indirectly that such a claim of a county is merely one of the third class to which the State's second-class claim has priority. Section 252.13 does authorize recovery by a county from a recipient's estate "by filing the claim as provided by law."

Sections 635.65 and 635.66, supra, are the statutes pertaining to the filing of claims which our law provides. The former section is a mandatory direction to the personal representative to pay charges of the last sickness and funeral as soon

as he is possessed of sufficient means. Unquestionably such charges have priority over all claims referred to in the succeeding section 635.66, including of course claims of the second class. The first two words of 635.66, "Other demands," are the equivalent of "Demands other than those referred to in section 635.65."

It cannot be doubted that if the county had not paid the hospital the charges of decedents' respective last sicknesses, the hospital could file claim therefor which would have priority over the State's second-class claim. We see no compelling reason why the county's claim should receive less favorable treatment than would the hospital's. It is somewhat material that Code section 252.27 provides "The relief may be either in the form of food, rent or clothing, fuel and lights, medical attendance, or in money." Thus, the county had specific authority under chapter 252 to furnish medical attendance to these recipients.

Our conclusion finds support in language in In re Estate of Kupka, 242 Iowa 166, 168, 170, 171, 45 N.W.2d 855, 856, 858. The contest there was over priority of the state board's claim for old-age assistance paid and an undertaker's claim for funeral expense. (Section 635.65 gives priority to "charges of the last sickness and funeral" but section 249.18 limits the amount of funeral expense for a recipient of old-age assistance.) After quoting sections 249.19 and 249.20 the Kupka opinion observes:

"These sections clearly make the old-age-assistance claim superior to every other claim or expense as against the decedent's real estate or the proceeds of its sale. It constitutes a *lien*. But as to decedent's personal estate it is only a claim of the second class, subject to funeral expenses (section 635.65, Iowa Code, 1950) and 'debts entitled to preference under the laws of the United States' (section 635.66). * * *

"In the instant case old-age assistance had been rendered, prior to decedent's death, to an amount in excess of the proceeds from sale of real estate. There is a deficiency which would be good against the *personal estate* (if there were any) as a claim of the second class, *that is, subject to prior payment of funeral expense. Were there a sufficient personal estate it could be held first liable for funeral expense in an amount up to $300 before*

*any deficiency of the old-age-assistance claim (after proceeds of sale of real estate was exhausted) could participate as a claim of the second class."* (Emphasis added.)

Language in In re Estate of O'Donnell, 253 Iowa 607, 612, 113 N.W.2d 246, 249, is to like effect. The ultimate question there was the state board's right of reimbursement for old-age assistance paid to one not a recipient at time of death as against funeral charges in excess of the statutory limit. The language referred to is: "The claim of the State Board is placed with public rates and taxes and thus takes precedence over the claims of general creditors, but is subject to costs of administration, charges of the last sickness and funeral, section 635.65, Code of Iowa, 1958, and debts entitled to preference under the laws of the United States, section 635.66, Code of Iowa, 1958."

To accept the State's argument would tend to defeat the legislative intent we have recognized in providing priority of payment of charges of the last sickness and funeral of every decedent. Skillman v. Wilson, 146 Iowa 601, 608, 125 N.W. 343, 140 Am. St. Rep. 295, says of what is now section 635.65: "The legislative design * * * was to assure to every person care in his last sickness and appropriate burial by declaring the charges therefor, preferred claims and exacting their payment as soon as funds enough to satisfy them, come into the possession of his personal representative. It is mandatory in form. * * * the legislative intent was to impose on the estate of every deceased person a primary liability for the charges of the last sickness and funeral."

The quoted language is repeated in Truax v. Ellett, 234 Iowa 1217, 1227, 1228, 15 N.W.2d 361, 366. Similar language is quoted in Long v. Northup, 225 Iowa 132, 135, 279 N.W. 104, 116 A. L. R. 1475. See also what is said in In re Estate of Kneebs, 246 Iowa 1053, 1058, 1059, 70 N.W.2d 539, 542, 543.

We have, in effect, held or recognized several times that a spouse or third person, not a volunteer or intermeddler, who pays charges of a decedent's last sickness or funeral has the same right of reimbursement from the estate as the doctor or undertaker who rendered the services has to be paid therefor. Skillman v. Wilson, Truax v. Ellett, and In re Estate of Kneebs,

all supra; Harter v. Harter, 181 Iowa 1181, 1184, 1185, 165 N.W. 315; Youngberg v. Holstrom, 252 Iowa 815, 824, 108 N.W.2d 498, 503. See also annotations, 31 A. L. R. 1499, 1506–1509; 108 A. L. R. 1226, 1232, 1233; 82 A. L. R.2d 873, 888 et seq.; 34 C. J. S., Executors and Administrators, section 384, pages 136, 137.

It would seem a county which pays such expenses under chapter 252 should have similar right. It is not contended Henry County acted as a mere volunteer or intermeddler. Nor is there room for such contention. In re Estate of Frentress, 249 Iowa 783, 786, 89 N.W.2d 367, 368, and citations.

We have considered the precedents the state board cites. We feel none of them is contrary to our decision here. In re Estate of Frentress, supra, is the principal case cited and deserves mention. The contest there was between a county which had taken three mortgages against real estate in exchange for general relief furnished and, more particularly, to be furnished the deceased mortgagor and her spouse under chapter 252, and the state board which was entitled to a lien against the mortgaged realty for old-age assistance furnished under chapter 249. We held the state board's lien entitled to priority. No personal estate was involved. Nor did the county assert or, so far as shown, have any claim under section 635.65 for expense of last sickness or funeral of decedent. The Frentress case is not in point.— Affirmed.

All JUSTICES concur.