330

Argued April 7, reversed with instructions April 21, 1965

IN THE MATTER OF THE ESTATE OF
JEANETTE SHAW WRIGHT, DECEASED
BERG *v.* NELSON, MULTNOMAH COUNTY
401 P. 2d 44

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for appellant. With him on the briefs was George Van Hoomissen, District Attorney, Portland.

*Norman Griffith,* Portland, argued the cause and filed a brief for objector-respondent.

No appearance for James A. Nelson, administrator-respondent.

Before McAllister, Chief Justice, and Sloan, Goodwin and Holman, Justices.

## SLOAN, J.

■ In this insolvent estate the claimant, Multnomah County, had filed a claim for expenses of last sickness incurred at the county hospital. The objector Berg had a claim for funeral expenses. ORS 117.110 (1) provides that funeral charges and expenses of last sickness have equal priority of payment from the assets of a decedent's estate. By the statute payment of the claims should have been equally prorated. The trial court held that statute to be invalid. In settling the final account, therefore, the court allowed first priority for objector Berg's claim for funeral charges. Multnomah County appeals from the court's order.

Prior to 1953 the statute, then OCLA 19-1102, required this order of priority of payment: 1. Funeral charges. 2. Taxes due the United States. 3. Expenses of last sickness. In 1953 the statute was amended so that it now places both funeral charges and expenses of last sickness in the first class of priority of payment. Taxes due the United States are in the second class of priority. A federal statute, Revised Statute § 3466, 31 USCA § 191, also requires mention. That statute provides "* * * whenever the estate of any deceased debtor, in the hands of the executor or administrator, is insufficient to pay all of the debts due from the deceased, the debts due to the United States

shall be first satisfied * * *." The statute also gives the United States priority in other cases of insolvency.

The trial court decided that at common law funeral expenses were payable before debts due the sovereign. It was then held that the statute, prior to 1953, followed the common law and, accordingly, was not in conflict with the federal statute. The court held, however, that the attempt of the legislature in 1953 to place expenses of last sickness in the number one category ahead of taxes due the United States was wrong and the amendment was invalid. We cannot agree.

There have been cases which have held that the federal statute did not award the federal government a priority over funeral expenses. *U. S. v. Eggleston* (Cir Ct Or 1877) Fed Case No. 15,027, 25 Fed Case 979; *In re Stiles' Estate,* 1926, 126 Misc Rep 715, 215 NYS 134; *In re Estate of Fackler,* 1943, 12 Ohio Supp 145, 39 Ohio Law Abs 328; *In re Axelrad's Estate,* 1960, 24 Misc2d 1, 204 NYS2d 653. The reason assigned for the holdings has been that the federal act only applies to "debts due from the deceased" and that, since funeral expenses were not incurred by the deceased, the act does not apply.

It has also been held that expenses of last sickness are debts due from the deceased and are subject to the priority granted by the federal statute. *In re Shoptaw's Estate,* 1959, 54 Wash2d 602, 343 P2d 740; *In re Muldoon's Estate,* 1954, 128 Cal App2d 284, 275 P2d 597.

There have been innumerable other decisions relating to the conflicts between state priority statutes and the cited federal statute. These relate to priority created by statutory liens, claims for wages, and the many other forms that claims for priority may take. See

*United States v. Oklahoma,* 1923, 261 US 253, 43 S Ct 295, 67 L ed 638; *In re Meyer's Estate,* 1946, 159 Pa Super 296, 48 A2d 210; *State v. Thurston State Bank,* 1931, 121 Neb 407, 237 NW 293; *In re Dickson's Estate,* 1938, 197 Wash 145, 84 P2d 661. And see also an annotation at 93 L ed 32 in which many other cases are collated and discussed.

In some cases it was held that a claim of priority afforded by a state statute had preference. These usually related to statutory liens, for example. In most cases the federal act is held to grant priority. However, in not one of the cases was there even the slightest hint that the state statute fixing an order of priority was invalid. It was decided in those cases that the federal act either did or did not allow a priority to the United States as a claimant. Nothing more.

No one could question the power of the legislature to fix the priority of the payment of claims from the estate of a decedent. 2 Woerner, The American Law of Property (3d ed 1923) § 364, page 1201.① The federal act is significant only in those cases where a federal claim appears. What priority should be allowed in an Oregon case when the issue is presented must abide the event. But in a case such as this, where no federal claim exists, the legislative will must be followed.

2. The objector also argues that the claim of Multnomah County must be treated as a claim of a governmental agency, ORS 117.110 (7) rather than as a claim for last sickness. This is not so. *In re Estates of*

---

① The same authority at page 1203 reveals that several other state statutes provide that both expenses of last sickness and funeral expenses have priority over debts due the United States. And see In re Estates of Ross, 1963, 255 Iowa 286, 122 NW2d 355. It is nowhere suggested that these statutes are invalid.

*Ross,* 1963, 255 Iowa 286, 122 NW2d 355. The other objections made are equally without merit. The judgment is reversed with instructions to allow the claim of Multnomah County equal priority with the claims for funeral expenses.